**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____
(State)

Case number (If known): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Vesttoo Ltd. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   515935344
   — — — ‾ — — — — — — —

4. **Debtor's address**

   **Principal place of business**

   23 Menachem Begin Street
   _____
   Number      Street

   _____

   Tel Aviv
   _____
   City          State    ZIP Code

   6618356, Israel
   _____
   County

   **Mailing address, if different from principal place of business**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City          State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number      Street

   _____

   _____
   City          State    ZIP Code

5. **Debtor's website (URL)**    https://vesttoo.com/

| Debtor | Vesttoo Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>   <u>2</u>   <u>4</u>   <u>2</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor    Vesttoo Ltd.
_____    Case number *(if known)*_____
         Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                    MM / DD / YYYY

       District _____ When _____ Case number _____
                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor   See Annex 1
                 _____    Relationship _____

        District   Delaware
                 _____    When _____
                                                  MM / DD / YYYY

        Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                           Number        Street

                           _____

                           _____    _____
                           City                         State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

       Contact name _____

       Phone _____

---

**Statistical and administrative information**

| Debtor | Vesttoo Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08/14/2023
               MM  / DD / YYYY

✖ /s/ Ami Barlev
   F87E251468154C7...

Signature of authorized representative of debtor

Ami Barlev

Printed name

Title    Authorized Signatory

| Debtor | Vesttoo Ltd. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**18. Signature of attorney**

✗ /s/ R. Craig Martin
_____
Signature of attorney for debtor

Date    08/14/2023
_____
MM / DD / YYYY

R. Craig Martin
_____
Printed name

DLA Piper LLP (US)
_____
Firm name

1201 North Market Street, Suite 2100
_____
Number        Street

Wilmington                                          DE        19801
_____        _____    _____
City                                                State      ZIP Code

(302) 468-5700                                    craig.martin@us.dlapiper.com
_____        _____
Contact phone                                     Email address

5032                                                  DE
_____        _____
Bar number                                         State

## ANNEX A

On the date hereof, each of the entities below (collectively, the "Debtors") filed a voluntary petition relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Vesttoo US Inc.:

1. Vesttoo US Inc.
2. Vesttoo Ltd.
3. Vesttoo SPV Holdings LLC
4. Vesttoo Reinsurance Intermediary Services Inc.
5. Vesttoo Asset Management LLC
6. Vesttoo Securities (USA) LLC
7. Vesttoo UK LTD
8. Vesttoo Japan Co., LTD
9. Vesttoo Korea Inc.
10. Vesttoo Holdings Ltd.
11. Vesttoo Hong Kong Limited
12. Vesttoo Malta Ltd.
13. Vesttoo Malta Trading Ltd.
14. Vesttoo Marketplace Ltd.
15. Vesttoo Alpha Holdings Ltd.
16. Vesttoo Bermudian Bay Ltd.
17. Vesttoo Alpha P&C Ltd.
18. Vesttoo Alpha Special Purpose Trust
19. Vesttoo Alpha Manager Ltd.
20. Vesttoo Alpha P&C Fund GP, L.P.
21. Vesttoo Alpha P&C Fund L.P.
22. Vescor Bay GP, L.P.
23. Vescor Bay, L.P.
24. Vesttoo Partners 101, L.P.
25. Vesttoo Partners 102, L.P.
26. Vesttoo Partners 103, L.P.
27. Vesttoo Partners 104, L.P.
28. Vesttoo Partners 105, L.P.
29. Vesttoo Bay One Limited Partnership
30. Vesttoo Bay X, Limited Partnership
31. Vesttoo Bay XI, Limited Partnership
32. Vesttoo Bay XII, Limited Partnership
33. Vesttoo Bay XIII, Limited Partnership
34. Vesttoo Bay XIV, Limited Partnership
35. Vesttoo Bay FIFTEEN, Limited Partnership
36. Vesttoo Bay XVI, Limited Partnership
37. Vesttoo Bay XVII, Limited Partnership
38. Vesttoo Bay XVIII, Limited Partnership
39. Vesttoo Bay XIX, Limited Partnership
40. Vesttoo Bay XX, Limited Partnership

41.     Vesttoo Bay XXI, Limited Partnership
42.     Vesttoo Bay XXII, Limited Partnership
43.     Vesttoo Bay XXIII, Limited Partnership
44.     Vesttoo Bay XXIV, Limited Partnership
45.     Vesttoo Bay XXV, Limited Partnerhip
46.     Vesttoo Bay One Hundred, Limited Partnership
47.     Vesttoo Bay One Hundred One, Limited Partnership
48.     Vesttoo Bay One Hundred Two, Limited Partnership
49.     Vesttoo Bay 103, Limited Partnership

**JOINT ACTION BY UNANIMOUS WRITTEN CONSENT
OF THE BOARD OF DIRECTORS OF VESTTOO LTD. AND
THE AUTHORIZED SIGNATORY OF
EACH OF THE FILING SUBSIDIARIES**

**Dated: August 14, 2023**

Whereas the (i) members of the Board of Directors (the "Board") of Vesttoo Ltd., an Israeli corporation ("Vesttoo"), by and through its authorized signatory, Ami Barlev, and (ii) Ami Barlev, as the authorized signatory of the companies listed in the signature blocks below (each, a "Filing Subsidiary" and collectively, the "Filing Subsidiaries" and, together with Vesttoo, the "Company") hereby take the following actions and hereby do adopt, consent, approve, and ratify the following recitals and resolutions that were unanimously approved by the Board of Vesttoo, at a meeting held on August 12, 2023.

**Chapter 11 Filing**

**WHEREAS**, the Board has surveyed potential restructuring options for the Company and considered presentations by the management of and the advisors to Vesttoo regarding the assets, liabilities and short- and long-term liquidity situation of the Company, the consequences of the pending litigation on such Company's liquidity and the impact of the foregoing on the Company's business, prospects, and enterprise value;

**WHEREAS**, the Board had the opportunity to consult with and ask questions of the management, the legal and financial advisors, and other consultants to the Company, and has fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, in the business judgment of the Board it is desirable and in the best interests of the Company, its creditors, its stakeholders, and other parties in interest to authorize the Company to enter into one or more restructuring transactions (collectively, the "Restructuring Transactions"), including, among other things, financing or a recapitalization of the Company, which may include submission of a Plan of Reorganization or a sale of all or substantially all of the Company's assets under title 11 the United States Code (the "Bankruptcy Code"), and to file or enter into other related pleadings and documents; and

**WHEREAS**, in furtherance of the Restructuring Transactions and after being fully informed, and after careful consideration and deliberation, in the judgment of the Board, after consulting with the management, legal and financial advisors of, and other consultants to, the Company, it is desirable and in the best interests of the Company, its creditors, its equity holders and other parties in interest, that the Company file or cause to be filed forthwith voluntary petitions for relief (such voluntary petition commencing a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the Bankruptcy Code; and

**NOW, THEREFORE, IT IS**

**RESOLVED**, that Vesttoo and each Filing Subsidiary shall be, and hereby is, authorized to file or cause to be filed forthwith a Chapter 11 Case under the provisions of the Bankruptcy

DocuSign Envelope ID: 87C2AD92-4692-44B4-BB12-A28876FF6CF1

Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"); and it is further

**RESOLVED**, that Ami Barlev or any authorized officer (or their designees and delegates) of the Company (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers, be, and hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, certificates, declarations, papers and documents, and to take any and all action that any one or more deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business or to successfully prosecute the Chapter 11 Case; and it is further

**RESOLVED**, that the Authorized Officers are hereby authorized and empowered, in the name of and on behalf of the Company, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, petitions, motions or other papers or documents in furtherance of the Restructuring Transactions to which the Company is or will be a party, including but not limited to, any asset or stock purchase agreement, chapter 11 plan, disclosure statement, and all exhibits and/or ancillary documents related thereto (collectively, the "<u>Restructuring Documents</u>"); and it is further

## Retention of Professionals

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of DLA Piper LLP (US) and any of its affiliate firms ("<u>DLA Piper</u>"), as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code or other insolvency laws, and to take any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications or pleadings; and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of DLA Piper; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kroll, LLC, and any of its related entities, including, but not limited to, Kroll Associates UK Ltd., Kroll (HK) Limited, or Kroll Bermuda Ltd., as Financial Advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code or other insolvency laws, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ Epiq Corporate Restructuring LLC ("<u>Epiq</u>"), as notice and claims agent as well as administrative, solicitation, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized

ACTIVE\1602284333.1

and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services the notice and claims agent selected by an Authorized Officer; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals that are reasonably necessary to assist the Company in carrying out their duties under the Bankruptcy Code and to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications, to the extent necessary, for authority to retain the services of any such additional professionals; and it is further

## Restructuring Transaction

**RESOLVED**, that the Company shall be, and hereby is, authorized to pursue and implement a Restructuring Transaction following the date hereof and as may be further approved, modified, or amended by one or more of the Authorized Officers in its reasonable judgment and in consultation with the Company's professionals; and it is further

**RESOLVED**, that the Company, and the Authorized Officers, shall be, and each of them hereby is, authorized to execute, deliver, and perform its obligations under one or more purchase agreements, license agreements, or other transactions agreements and all associated agreements, schedules, certificates, instruments, guaranties, notices, and other documents implementing a Restructuring Transaction, as may be deemed necessary or desirable by any of the Authorized Officers; and it is further

**RESOLVED**, that each Company shall be, and hereby is, authorized to file or cause to be filed a motion seeking approval of a Restructuring Transaction, subject to such modifications thereto as such Authorized Officer may deem necessary or advisable in order to give effect to and carry out the general purposes of such Restructuring Transaction, including (i) bidding procedures, a stalking horse purchaser and the payment of certain fees (including expense reimbursement and breakup fees) to the stalking horse purchaser; (ii) a plan of reorganization or liquidation, associated disclosure statement, to the extent applicable, and all other related documents, and consummate, and perform under, the transactions contemplated therein and/or (iii) to dismiss or close the Chapter 11 Cases and execute all related documents as may be reasonably necessary or desirable in the best interests of the Company and its stakeholders; and it is further

## General

**RESOLVED**, that each Board member has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into,

execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Cases, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

**RESOLVED**, that any act or acts of the Company or its officers, directors or of any person or persons designated and authorized to act by an officer of the Company, which act or acts would have been authorized by the foregoing resolutions except that such act or acts were taken prior to the adoption of such resolutions, be, and they hereby are, ratified, confirmed, authorized, approved and adopted in all respects and for all purposes as acts in the name and on behalf of the Company.

[*Signature Pages Follow*]

4

EXECUTION VERSION

     **IN WITNESS WHEREOF**, the undersigned have executed this Consent as of the date first written above.

VESTTOO LTD.

By: _____
Name: Ami Barlev
Its: Authorized Signatory

VESTTOO US INC.

By: _____
Name: Ami Barlev
Its: Authorized Signatory

VESTTOO SPV HOLDINGS LLC

By: _____
Name: Ami Barlev
Its: Authorized Signatory

VESTTOO REINSURANCE INTERMEDIARY
SERVICES INC.

By: _____
Name: Ami Barlev
Its: Authorized Signatory

VESTTOO ASSET MANAGEMENT LLC

By: _____
Name: Ami Barlev
Its: Authorized Signatory

[Signature Page to Consent]

**VESTTOO SECURITIES (USA) LLC**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO UK LTD**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO JAPAN CO., LTD**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO KOREA INC.**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO HOLDINGS LTD.**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO HONG KONG LIMITED**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

[Signature Page to Consent]

**VESTTOO MALTA LTD.**

By: *Ami Barlev*

DocuSigned by:

7B7E251488154C7...

Name: Ami Barlev

Its: Authorized Signatory

**VESTTOO MALTA TRADING LTD.**

By: *Ami Barlev*

DocuSigned by:

7B7E251488154C7...

Name: Ami Barlev

Its: Authorized Signatory

**VESTTOO MARKETPLACE LTD.**

By: *Ami Barlev*

DocuSigned by:

7B7E251488154C7...

Name: Ami Barlev

Its: Authorized Signatory

**VESTTOO ALPHA HOLDINGS LTD.**

By: *Ami Barlev*

DocuSigned by:

7B7E251488154C7...

Name: Ami Barlev

Its: Authorized Signatory

**VESTTOO BERMUDIAN BAY LTD.**

By: *Ami Barlev*

DocuSigned by:

7B7E251488154C7...

Name: Ami Barlev

Its: Authorized Signatory

**VESTTOO ALPHA P&C LTD.**

By: *Ami Barlev*

DocuSigned by:

7B7E251488154C7...

Name: Ami Barlev

Its: Authorized Signatory

[Signature Page to Consent]

**VESTTOO ALPHA SPECIAL PURPOSE TRUST**

By: _Ami Barlev_

Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO ALPHA MANAGER LTD.**

By: _Ami Barlev_

Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO ALPHA P&C FUND GP, L.P.**

By: _Ami Barlev_

Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO ALPHA P&C FUND L.P.**

By: _Ami Barlev_

Name: Ami Barlev
Its: Authorized Signatory

**VESCOR BAY GP, L.P.**

By: _Ami Barlev_

Name: Ami Barlev
Its: Authorized Signatory

**VESCOR BAY, L.P.**

By: _Ami Barlev_

Name: Ami Barlev
Its: Authorized Signatory

[Signature Page to Consent]

VESTTOO PARTNERS 101, L.P.

By: _____
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO PARTNERS 102, L.P.

By: _____
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO PARTNERS 103, L.P.

By: _____
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO PARTNERS 104, L.P.

By: _____
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO PARTNERS 105, L.P.

By: _____
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO BAY ONE LIMITED PARTNERSHIP

By: _____
Name: Ami Barlev
Its: Authorized Signatory


[Signature Page to Consent]

**VESTTOO BAY X, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory


**VESTTOO BAY XI, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory


**VESTTOO BAY XII, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory


**VESTTOO BAY XIII, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory


**VESTTOO BAY XIV, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory


[Signature Page to Consent]

VESTTOO BAY FIFTEEN, LIMITED
PARTNERSHIP

By: *Ami Barlev*
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO BAY XVI, LIMITED PARTNERSHIP

By: *Ami Barlev*
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO BAY XVII, LIMITED PARTNERSHIP

By: *Ami Barlev*
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO BAY XVIII, LIMITED
PARTNERSHIP

By: *Ami Barlev*
Name: Ami Barlev
Its: Authorized Signatory


VESTTOO BAY XIX, LIMITED PARTNERSHIP

By: *Ami Barlev*
Name: Ami Barlev
Its: Authorized Signatory


[Signature Page to Consent]

**VESTTOO BAY XX, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO BAY XXI, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO BAY XXII, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO BAY XXIII, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

**VESTTOO BAY XXIV, LIMITED PARTNERSHIP**

By: _Ami Barlev_
Name: Ami Barlev
Its: Authorized Signatory

[Signature Page to Consent]

VESTTOO BAY XXV, LIMITED PARTNERSHIP

By: _Ami Barlev_

Name: Ami Barlev

Its: Authorized Signatory


VESTTOO BAY ONE HUNDRED, LIMITED PARTNERSHIP

By: _Ami Barlev_

Name: Ami Barlev

Its: Authorized Signatory


VESTTOO BAY ONE HUNDRED ONE, LIMITED PARTNERSHIP

By: _Ami Barlev_

Name: Ami Barlev

Its: Authorized Signatory


VESTTOO BAY ONE HUNDRED TWO, LIMITED PARTNERSHIP

By: _Ami Barlev_

Name: Ami Barlev

Its: Authorized Signatory


VESTTOO BAY 103, LIMITED PARTNERSHIP

By: _Ami Barlev_

Name: Ami Barlev

Its: Authorized Signatory


[Signature Page to Consent]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Vesttoo Ltd.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 23-_____ (  ) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, the undersigned

authorized officer of Vesttoo Ltd., the above-captioned debtor, hereby certifies that the following

corporate entities, other than a governmental unit, own the specified percentage of Vesttoo Ltd.'s

equity interests, as of the date hereof:

| Equity Holder | Percentage of Total Equity |
|---|---|
| Redds Technology Fund 1, L.P. | 10.3% Ownership Interest (Common Shares) |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AR Segregated Portfolio | 17% (Series Seed-1 Preferred Shares) |
| Matag Investments Ltd. | 13.9% (Series Seed-1 Preferred Shares) |
| STL Namos LP (Series 6 Vesttoo Secondary) | 49.4% (Series Seed-1 Preferred Shares) |
| GILI L.P. Investments LP | 25% (Series Seed-2 Preferred Shares) |
| Blockchain IL Ltd. | 13.3% (Series Seed-2 Preferred Shares) |
| STL Namos LP (Series 6 Vesttoo Secondary) | 59.3% (Series Seed-2 Preferred Shares) |
| Plug & Play<br><br>Venture Group, LLC | 18.7% (Series Seed-3 Preferred Shares) |
| Longevitytech fund a.s. | 15.5% (Series Seed-3 Preferred Shares) |
| CLA Earth Moving Equipment Ltd | 31% (Series Seed-3 Preferred Shares) |

| | |
|---|---|
| STL Namos LP (Series 6 Vesttoo Secondary) | 13.8% (Series Seed-3 Preferred Shares) |
| Hanaco II L.P. | 100% (Series A-1 Preferred Shares) |
| Danbar Finance Ltd. | 63.8% (Series A-2 Preferred Shares) |
| Matag Investments Ltd. | 33% (Series A-2 Preferred Shares) |
| Mouro Capital I LP | 53.3% (Series B-1 Preferred Shares) |
| MS&AD Ventures LLC | 16.7% (Series B-1 Preferred Shares) |
| Hanaco II L.P. | 30% (Series B-1 Preferred Shares) |
| Hanaco II L.P. | 100% (Series B-2 Preferred Shares) |
| Mouro Capital I LP | 12.4% (Series C Preferred Shares) |
| ALPALI LP (Series 16) | 24.8% (Series C Preferred Shares) |
| CHIMFIN 2 INVESTMENT SPV RSC LTD | 37.4% (Series C Preferred Shares) |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Vesttoo Ltd.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 23-_____  (   ) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), Vesttoo Ltd., hereby provides the following list of holders of equity interests:

| Name and Address of Interest Holder | Kind of Interest | Number of Shares |
|---|---|---|
| ████████ | Shareholder (Common) | 200,000 |
| ████████ | Shareholder (Common) | 1,242,597 |
| ████████ | Shareholder (Common) | 1,242,597 |
| ████████ | Shareholder (Common) | 1,242,597 |
| Redds Technology Fund 1, L.P.<br>2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808 | Shareholder (Common) | 482,439 |

| | | |
|---|---|---|
| ▮▮▮▮▮▮▮ | Shareholder (Common) | 48,244 |
| ▮▮▮▮▮▮▮ | Shareholder (Common) | 48,244 |
| ▮▮▮▮▮▮▮ | Shareholder (Common) | 48,244 |
| MOH Candid 2020 SPV, LP<br>6 David Elazar St.,<br>Tel Aviv 6107402, Israel | Shareholder (Common) | 1,131 |
| STL Namos LP (Series 6 Vesttoo Secondary)<br>230 West 79 St., Apt. 12,<br>New York, NY 10024 | Shareholder (Common) | 9,099 |
| Plug & Play Venture Group, LLC<br>440 North Wolfe Road<br>Sunnyvale 94085 | Shareholder (Common) | 5,000 |
| ESOP Management and Trust Services Ltd. (in trust for Gaby Coopershmidt)<br>25 Efal St.<br>Petah Tikva,<br>4951125, Israel | Shareholder (Common) | 1,049 |
| NYCIF Program Holdings, LLC | Shareholder (Common) | 24,265 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class V Segregated Portfolio<br>Windward 3, Regatta Office Park, PO Box 1350,<br>Grand Cayman,<br>KY1-1108, Cayman Islands | Shareholder (Common) | 52,209 |
| ESOP Management and Trust Services Ltd. (in trust for Rita Baal Taxa)<br>25 Efal St.<br>Petah Tikva,<br>4951125, Israel | Shareholder (Common) | 33,947 |
| ▮▮▮▮▮▮▮ | Shareholder (Series Seed-1 Preferred) | 6,277 |

| | | |
|---|---|---|
| Matag Investments Ltd.<br>94 Yigal Alon St.,<br>Tel Aviv, Israel | Shareholder (Series Seed-1 Preferred) | 125,546 |
| Creative Value Investments Ltd.<br>17 Aloni Nisim St.,<br>Tel Aviv, Israel | Shareholder (Series Seed-1 Preferred) | 18,832 |
| MOH Candid 2020 SPV, LP<br>6 David Elazar St.,<br>Tel Aviv 6107402, Israel | Shareholder (Series Seed-1 Preferred) | 55,520 |
| STL Namos LP (Series 6 Vesttoo Secondary)<br>230 West 79 St., Apt. 12,<br>New York, NY 10024 | Shareholder (Series Seed-1 Preferred) | 446,665 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class I Segregated Portfolio<br>Windward 3, Regatta Office Park, PO Box 1350,<br>Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series Seed-1 Preferred) | 797 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class V Segregated Portfolio<br>Windward 3, Regatta Office Park, PO Box 1350,<br>Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series Seed-1 Preferred) | 10,353 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AH Segregated Portfolio<br>Windward 3, Regatta Office Park, PO Box 1350,<br>Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series Seed-1 Preferred) | 82,000 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AR Segregated Portfolio<br>Windward 3, Regatta Office Park, PO Box 1350, | Shareholder (Series Seed-1 Preferred) | 153,954 |

| | | |
|---|---|---|
| Grand Cayman, KY1-1108, Cayman Islands | | |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AS Segregated Portfolio Windward 3, Regatta Office Park, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series Seed-1 Preferred) | 3,988 |
| GILI L.P. Investments LP 6 Raoul Wallenberg St., Tel Aviv, Israel | Shareholder (Series Seed-2 Preferred) | 125,544 |
| Blockchain IL Ltd. 7 Emek Brakha St., Tel Aviv, Israel | Shareholder (Series Seed-2 Preferred) | 83,696 |
| MOH Candid 2020 SPV, LP 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series Seed-2 Preferred) | 46,265 |
| STL Namos LP (Series 6 Vesttoo Secondary) | Shareholder (Series Seed-2 Preferred) | 372,215 |
| Plug & Play Venture Group, LLC 440 North Wolfe Road Sunnyvale 94085 | Shareholder (Series Seed-3 Preferred Shares) | 50,636 |
| ██████████████ ██████████████ | Shareholder (Series Seed-3 Preferred Shares) | 10,462 |
| Longevitytech fund a.s. Jicinska 226/17, 130 00 Prague 3 Czech Republic | Shareholder (Series Seed-3 Preferred Shares) | 41,848 |
| Progressor Enterprise, SE Zahrebska 170/23, 120 00 Prague 2, Czech Republic | Shareholder (Series Seed-3 Preferred Shares) | 20,924 |
| ██████████████ ██████████████ | Shareholder (Series Seed-3 Preferred Shares) | 20,924 |
| CLA Earth Moving Equipment Ltd 46 Gesher Ha'et, Emek Hefer, 3877701 Israel | Shareholder (Series Seed-3 Preferred Shares) | 83,696 |
| MOH Candid 2020 SPV, LP 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series Seed-3 Preferred Shares) | 4,627 |

| | | |
|---|---|---|
| STL Namos LP (Series 6 Vesttoo Secondary) | Shareholder (Series Seed-3 Preferred Shares) | 270,338 |
| Hanaco II L.P. 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series A-1 Preferred) | 822,497 |
| Danbar Finance Ltd. 94 Yigal Alon St., Tel Aviv, Israel | Shareholder (Series A-2 Preferred) | 262,629 |
| Matag Investments Ltd. 94 Yigal Alon St., Tel Aviv, Israel | Shareholder (Series A-2 Preferred) | 137,083 |
| MOH Candid 2020 SPV, LP 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series A-2 Preferred) | 1,275 |
| STL Namos LP (Series 6 Vesttoo Secondary) 230 West 79 St., Apt. 12, New York, NY 10024 | Shareholder (Series A-2 Preferred) | 10,262 |
| Mouro Capital I LP Suite A, 6 Honduras Street, London, EC1Y 0TH, UK | Shareholder (Series B-1 Preferred) | 246,654 |
| MS&AD Ventures LLC 3000 Sand Hill Rd., Building 1, Suite 140, Menlo Park, CA 94024 | Shareholder (Series B-1 Preferred) | 77,079 |
| Hanaco II L.P. 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series B-1 Preferred) | 138,743 |
| Hanaco II L.P. 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series B-2 Preferred) | 126,472 |
| Mouro Capital I LP Suite A, 6 Honduras Street, London, EC1Y 0TH, UK | Shareholder (Series C Preferred) | 127,627 |
| STL Namos LP (Series 11) 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series C Preferred) | 12,762 |
| ALPALI LP (Series 16) 6 David Elazar St., Tel Aviv 6107402, Israel | Shareholder (Series C Preferred) | 127,627 |
| CHIMFIN 2 INVESTMENT SPV RSC LTD | Shareholder (Series C Preferred) | 191,441 |

| | | |
|---|---|---|
| Office 615, 4th Floor RG Procurement Building, Khalifa Park, P.O Box – 3190, Abu Dhabi, United Arab Emirates | | |
| ███████████ ███████ | Shareholder (Series C Preferred) | 1,276 |
| Gramercy LLA, LLC 2839 Baker Street, San Francisco, CA 94123, USA | Shareholder (Series C Preferred) | 19,144 |
| Steppe Investments Pte. Ltd. 20 Cecil Street, #14-01 Plus, Singapore 049705 | Shareholder (Series C Preferred) | 25,525 |
| STL Namos LP (Series 11) Windward 3, Regatta Office Park, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series C Preferred) | 6,381 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AE Segregated Portfolio Windward 3, Regatta Office Park, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series C Preferred) | 32,736 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AF Segregated Portfolio Windward 3, Regatta Office Park, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series C Preferred) | 6,381 |
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AR Segregated Portfolio Windward 3, Regatta Office Park, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series C Preferred) | 49,774 |

| | | |
|---|---|---|
| BRV Special Opportunities Fund, SPC, acting on behalf, and for the account, of its Class AH Segregated Portfolio<br>Windward 3, Regatta Office Park, PO Box 1350, Grand Cayman, KY1-1108, Cayman Islands | Shareholder (Series C Preferred) | 62,989 |
| ALPALI LP (Series 16)<br>6 David Elazar St.,<br>Tel Aviv 6107402, Israel | Shareholder (Series C Preferred) | 127,627 |
| CHIMFIN 2 INVESTMENT SPV RSC LTD<br>Office 615, 4th Floor RG Procurement Building, Khalifa Park, P.O Box – 3190, Abu Dhabi, United Arab Emirates | Shareholder (Series C Preferred) | 191,441 |
| Vesttoo Ltd. | Shareholder (Series C Preferred) | 38,288 |

---

Fill in this information to identify the case and this filing:

Debtor Name __Vesttoo Ltd._____

United States Bankruptcy Court for the: _____ District of Delaware_____
                                                        (State)

Case number (*If known*): _____

---

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration*  _Corporate Ownership Statement; Equity Holder Statement_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on_____08/14/2023_____          x  /s/   *Ami Barlev*
              MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                                Ami Barlev
                                                Printed name
                                                Authorized Signatory
                                                Position or relationship to debtor

ACTIVE\1602299178.1