**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: Vesttoo US Inc., <br><br> Debtor. <br><br> Employer Tax I.D. No.: 87-1031798 | Chapter 11 <br><br> Case No. 23-11159 (MFW) |
| In re: Vesttoo Ltd., <br><br> Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11160 (MFW) |
| In re: Vesttoo SPV Holdings LLC , <br><br> Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11163 (MFW) |
| In re: Vesttoo Securities (USA) LLC, <br><br> Debtor. <br><br> Employer Tax I.D. No.: 36-4993751 | Chapter 11 <br><br> Case No. 23-11167 (MFW) |
| In re: Vesttoo Reinsurance Intermediary Services Inc., <br><br> Debtor. <br><br> Employer Tax I.D. No.: 88-3919992 | Chapter 11 <br><br> Case No. 23-11165 (MFW) |
| In re: Vesttoo Asset Management LLC., <br><br> Debtor. <br><br> Employer Tax I.D. No.: 88-41115957 | Chapter 11 <br><br> Case No. 23-11166 (MFW) |

| | |
|---|---|
| In re: Vesttoo Hong Kong Limited,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11210 (MFW) |
| In re: Vesttoo Holdings Ltd.,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11175 (MFW) |
| In re: Vesttoo Korea Inc.,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11177 (MFW) |
| In re: Vesttoo UK LTD,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11186 (MFW) |
| In re:  Vescor Bay, L.P.,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11187 (MFW) |
| In re:  Vescor Bay GP, L.P.,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11188 (MFW) |

| | |
|---|---|
| In re: Vesttoo Alpha Holdings Ltd., | Chapter 11 |
| Debtor. | Case No. 23-11169 (MFW) |
| Employer Tax I.D. No.: N/A | |
| In re: Vesttoo Marketplace Ltd., | Chapter 11 |
| Debtor. | Case No. 23-11180 (MFW) |
| Employer Tax I.D. No.: N/A | |
| In re: Vesttoo Partners 101, L.P., | Chapter 11 |
| Debtor. | Case No. 23-11181 (MFW) |
| Employer Tax I.D. No.: N/A | |
| In re: Vesttoo Alpha P&C Fund L.P., | Chapter 11 |
| Debtor. | Case No. 23-11172 (MFW) |
| Employer Tax I.D. No.: N/A | |
| In re: Vesttoo Alpha P&C Fund GP, L.P., | Chapter 11 |
| Debtor. | Case No. 23-11171 (MFW) |
| Employer Tax I.D. No.: N/A | |
| In re: Vesttoo Partners 102, L.P., | Chapter 11 |
| Debtor. | Case No. 23-11182 (MFW) |
| Employer Tax I.D. No.: N/A | |

| | |
|---|---|
| In re: Vesttoo Partners 103, L.P.,<br><br>                    Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11183 (MFW) |
| In re: Vesttoo Partners 104, L.P.,<br><br>                    Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11184 (MFW) |
| In re: Vesttoo Partners 105, L.P.,<br><br>                    Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11185 (MFW) |
| In re: Vesttoo Bermudian Bay Ltd.,<br><br>                    Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11174 (MFW) |
| In re: Vesttoo Alpha Manager Ltd.,<br><br>                    Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11170 (MFW) |

| | |
|---|---|
| In re: Vesttoo Japan Co., LTD, <br><br>                    Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11176 (MFW) |
| In re: Vesttoo Bay One Limited Partnership, <br><br>                    Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11194 (MFW) |
| In re: Vesttoo Bay X, Limited Partnership, <br><br>                    Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11195 (MFW) |
| Vesttoo Bay XI, Limited Partnership, <br><br>                    Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11196 (MFW) |
| In re: Vesttoo Bay XII, Limited Partnership, <br><br>                    Debtor. <br><br> Employer Tax I.D. No.: N/A | Chapter 11 <br><br> Case No. 23-11197 (MFW) |

| | |
|---|---|
| In re: Vesttoo Bay XIV, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11199 (MFW) |
| In re: Vesttoo Bay XIII, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11198 (MFW) |
| In re: Vesttoo Bay FIFTEEN, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11190 (MFW) |
| In re: Vesttoo Bay XVI, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11201 (MFW) |
| In re: Vesttoo Bay XVII, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11202 (MFW) |
| In re: Vesttoo Bay XVIII, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11203 (MFW) |

| | |
|---|---|
| In re: Vesttoo Bay XIX, Limited Partnership,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11200 (MFW) |
| In re: Vesttoo Bay XX, Limited Partnership,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11204 (MFW) |
| In re:  Vesttoo Bay XXI, Limited Partnership,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11205 (MFW) |
| In re: Vesttoo Bay XXII, Limited Partnership,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11206 (MFW) |
| In re: Vesttoo Bay XXIII Limited Partnership,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11207 (MFW) |
| In re: Vesttoo Bay XXIV, Limited Partnership,<br><br>　　　　　　　　　　Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11208 (MFW) |

| | |
|---|---|
| In re: Vesttoo Bay One Hundred, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11193 (MFW) |
| In re: Vesttoo Bay One Hundred One, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11191 (MFW) |
| In re: Vesttoo Bay One Hundred Two, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11192 (MFW) |
| In re: Vesttoo Bay 103, Limited Partnership<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11189 (MFW) |
| In re: Vesttoo Bay XXV, Limited Partnership,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11209 (MFW) |
| In re: Vesttoo Malta Ltd.,<br><br>                              Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11178 (MFW) |

| | |
|---|---|
| In re: Vesttoo Malta Trading Ltd.,<br><br>      Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11179 (MFW) |
| In re: Vesttoo Alpha Special Purpose Trust,<br><br>      Debtor.<br><br>Employer Tax I.D. No.: N/A | Chapter 11<br><br>Case No. 23-11173 (MFW) |

**MOTION OF THE DEBTORS FOR THE ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Vesttoo Ltd., Vesttoo US Inc. and their affiliated debtors (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing and directing the procedural consolidation and joint administration of the above-captioned chapter 11 cases. In support of this Motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Ami Barlev in Support of Filing of Petitions and First Day Pleadings* (the "First Day Declaration"),[1] filed contemporaneously in these chapter 11 cases. In further support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the*

---

[1] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

*United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are section 342(c)(1) of title 11 of the United States Code (the "Bankruptcy Code"), rules 1005 and 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

5. On August 14, 2023, Vesttoo US Inc. and Vesttoo Ltd., together with certain of their affiliated debtors and on August 15, 2023, the remainder of their affiliated debtors each filed a Voluntary Petition (as applicable, the "Petition Date"), for relief under chapter 11 of the Bankruptcy Code, commencing its case (collectively, the "Chapter 11 Cases").

6. The Debtors remain in possession of their property, continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.  No date has been set for a meeting of creditors pursuant to section 341 of the Bankruptcy Code.

7. Additional factual background regarding the Debtors, including their business operations, capital and debt structures and the events leading to the filing of these Chapter 11 Cases, is set forth in the First Day Declaration, which is incorporated in this Motion by reference.

## RELIEF REQUESTED

8. By this Motion, pursuant to section 342(c)(1), Bankruptcy Rules 1005 and 1015, and Local Rule 1015-1, the Debtors request entry of an order (i) authorizing consolidation and joint administration of these Chapter 11 Cases for procedural purposes only, and (b) directing parties in interest to use a consolidated caption, indicating that any pleading they file relates to the jointly administered bankruptcy cases of "Vesttoo Ltd., *et al.*" Specifically, the Debtors request that the Court maintain one file and one docket for all of the jointly administered cases in the case of Vesttoo Ltd. and that the cases be administered under the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| In re: | Chapter 11 |
|---|---|
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Jointly Administered) |

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

9. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 1005.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b)(4) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration

of the estates" of the debtor and such affiliates. *See* Bankruptcy Rule 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

*See* 11 U.S.C. § 101(2).

11. Local Rule 1015-1 provides:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

*See* Local Rule 1015-1.

12. In addition, Bankruptcy Rule 1005 requires:

> The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about

>the debtor: name, employer identification number, . . . any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. . . .

See Bankruptcy Rule 1005.

13. As disclosed in the First Day Declaration, Debtor Vesttoo Ltd., directly or indirectly owns or controls 100% of the voting securities and/or membership or general partner interests (as applicable) of each of the other Debtor entities. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to jointly administer these Chapter 11 Cases for procedural purposes under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

14. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several of the Debtors. With forty-eight (48) Debtors, each with its own case docket, the failure to administer these Chapter 11 Cases jointly would result in numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court.

15. Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to, among other things, (a) use a single caption on the numerous documents that will be served and filed in these Chapter 11 Cases and (b) file the pleadings in one case rather than in multiple cases. Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the Office of the United States Trustee in supervising these bankruptcy cases and will permit the Clerk of the Court to use a main docket for all of the Debtors' cases, allowing the Debtors and other parties in interest to combine notices to

creditors and other interested parties. Further, joint administration also will protect parties in interest by ensuring that parties in *each* of the Debtors' respective cases will be apprised of the various matters before the Court in these Chapter 11 Cases.

16. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these Chapter 11 Cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Furthermore, because these cases involve hundreds of creditors, the entry of an order of joint administration will: (a) significantly reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court, (b) render the completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of numerous separate chapter 11 cases.

17. The Debtors further submit that the simplified caption contains all information required by Bankruptcy Rule 1005 and that use of the simplified caption will eliminate cumbersome and confusing procedures and help ensure a uniformity of pleading identification. Further, case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest at https://dm.epiq11.com/vesttoo or will be provided by the Debtors upon request, and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these Chapter 11 Cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code have been satisfied.

18. In addition, the Debtors request that the Clerk of Court make separate docket entries on the docket of each of the Debtors' cases (except that of Vesttoo Ltd. Docket in Case No. 23-11160 (MFW)) should be consulted for all matters affecting this case.

19. In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

20. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. See Local Rule 1015-1. The Debtors submit that no party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested in this Motion is commonly granted by this Court. *See, e.g.*, Fast Radius, Inc., Case No. 22-11051 (BLS) [D.I. 46] (Bankr. D. Del. October 9, 2022); *In re Gold Standard Baking, LLC*, Case No. 22-10559 (JKS) [D.I. 38] (Bankr. D. Del. June 23, 2022); *In re TPC Group Inc.*, Case No. 22-10493 (CTG) [D.I. 113] (Bankr. D. Del. June 2, 2022); *In re Alex and Ani, LLC*, Case No. 21-10918 (CTG) [D.I. 61] (Bankr. D. Del. June 11, 2021); *In re Secure Home Holdings LLC*, Case No. 21-10746 (JKS) [D.I. 4] (Bankr. D. Del. Apr. 27, 2021); *In re TECT Aerospace Group Holdings, Inc.*, Case No. 21-10670 (KBO) [D.I. 24] (Bankr. D. Del. Apr. 7, 2021).[2]

21. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should

---

[2] In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

be granted. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

22. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) each of the parties included on the Debtors' consolidated list of thirty largest unsecured creditors; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the circumstances surrounding this Motion and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request that this Court (i) enter Proposed Order, granting the relief requested in this Motion, and (ii) grant such other and further relief as this Court may deem just and proper.

Dated:  August 15, 2023  
        Wilmington, Delaware

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ R. Craig Martin*  
R. Craig Martin (DE 5032)  
Stuart M. Brown (DE 4050)  
1201 North Market Street, Suite 2100  
Wilmington, Delaware 19801  
Telephone: (302) 468-5700  
Facsimile:  (302) 394-2341  
Email: craig.martin@us.dlapiper.com  
      stuart.brown@us.dlapiper.com

*Proposed Counsel to the Debtors*