## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Joint Administration Requested) |

## MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING VESTTOO LTD. TO ACT AS FOREIGN REPRESENTATIVE UNDER 11 U.S.C. § 1505, AND (II) GRANTING RELATED RELIEF

Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) authorizing Vesttoo Ltd. to act as the foreign representative on behalf of the Debtors' estates in foreign proceedings if the Debtors find it necessary or desirable to commence foreign proceedings, and (ii) granting related relief.  In support of the motion, the Debtors rely upon and incorporate by reference the *Declaration of Ami Barlev in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") to be filed in these chapter 11 cases, and respectfully state as follows:

### JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

---

[1]    Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2.        Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

3.        Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.        The statutory bases for the relief requested in the motion are sections 105, 1107, and 1505 of title 11 of the United States Code (the "Bankruptcy Code"), rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1.

**BACKGROUND**

5.        On August 14 and 15, 2023, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property, continue to operate their businesses and manage their property as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed. No date has been set for a meeting of creditors under section 341 of the Bankruptcy Code.

6.        Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to these chapter 11 cases, is set forth in the First Day Declaration, which is fully incorporated into this Motion by this reference.

## APPOINTMENT OF FOREIGN REPRESENTATIVE

7.      Vesttoo Ltd., as the proposed Foreign Representative, has recently sought ancillary relief in Israel on behalf of the Debtors' estates under Part 9 of the Insolvency and Financial Rehabilitation Law 5778-2018 (the "IFRL"), which reflects Israel's adoption of the UNCITRAL Model Law on Cross Border Insolvency, in an administrative district of Israel to be determined (the "Israeli Court"). The purpose of the ancillary proceedings (the "Israeli Proceedings") is to request that the Israeli Court recognize these chapter 11 cases as foreign proceedings under the applicable provisions of the IFRL in order to, among other things, protect the Debtors' assets and operations in Israel as a means of aiding and assisting this Court with the Administration of these estates and to permit cooperation, if appropriate.

8.      While the Debtors are automatically permitted to act as a foreign officer under the Bankruptcy Code, since they will be doing so in their capacity as debtors in possession, the Debtors submit that entry of an order authorizing Vesttoo Ltd. to act as  entity to act as the foreign representative, referred to as the "foreign officer" under the IFLR, on behalf of all of the Debtors' estates (the "Foreign Representative"), would ensure the Israeli Court is aware that this Court has authorized Vesttoo Ltd. to act as the Foreign Representative. Therefore, the Debtors request entry of an order that reflects that Vesttoo Ltd., as debtor in possession, may act as a Foreign Representative in foreign proceedings, including any Israeli Proceeding.

## RELIEF REQUESTED

9.      Under sections 105, 1107, and 1505 of the Bankruptcy Code, Bankruptcy Rule 6003, and Local Rule 9013-1, the Debtors request entry of an order, substantially in the form of the Proposed Order, (i) that provides that Vesttoo Ltd. may act as the Foreign Representative on behalf of the Debtors' estates in the Israeli Proceedings and other foreign proceedings should the

Debtors find it necessary or desirable to commence or respond to such other foreign proceedings, and (ii) granting related relief.

## BASIS FOR RELIEF

10. Section 1505 of the Bankruptcy Code provides that:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505.

11. Further, section 1107(a) of the Bankruptcy Code provides:

> Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter.

11 U.S.C. § 1107(a).

12. The Debtors respectfully submit that section 1107 of the Bankruptcy Code confers upon Vesttoo Ltd., as a debtor in possession, sufficient rights, powers, and duties to act as a Foreign Representative of the Debtors' estates. However, to avoid any possible confusion or doubt regarding this authority and to comply with the requirements of the IFRL, the Debtors seek entry of an order, under section 1505 of the Bankruptcy Code, explicitly authorizing Vesttoo Ltd. to act as the Foreign Representative of the Debtors' estates in the Israeli Proceedings and any other foreign proceeding any Debtor may seek.

13. Authorizing Vesttoo Ltd. to act as the Foreign Representative on behalf of the Debtors' estates in the Israeli Proceedings will allow coordination of these chapter 11 cases and the Israeli Proceedings, and provide an effective mechanism to protect and maximize the value of the Debtors' assets and estates.

14.     Courts in this District frequently grant similar relief.  *See, e.g.*, *In re Yellow Corporation, et. al.*, No. 23-11069 (CTG) (Bankr. D. Del. August 9, 2023) [D.I. 172]; *In re Colt Holding Co. LLC*, No. 15-11296 (LSS) (Bankr. D. Del. June 16, 2015) [D.I. 70]; *In re Digital Domain Media Grp., Inc.*, No. 12-12568 (BLS) (Bankr. D. Del. Sept. 12, 2012) [D.I. 61]; *In re ASHINC Corp. (f/k/a Allied Sys. Holdings, Inc.)*, No. 12-11564 (CSS) (Bankr. D. Del. June 12, 2012) [D.I. 97]; *In re Contract Research Solutions, Inc.*, No. 12-11004 (KG) (Bankr. D. Del. Mar. 27, 2012) [D.I. 43].[2]

15.     Accordingly, the Debtors respectfully submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## NOTICE

16.     Notice of this motion will be provided to: (a) the Office of the United States Trustee for Region 3 (Attn: Timothy Fox, Esq. (Timothy.Fox@usdoj.gov)); (b) the Office of the United States Attorney for the District of Delaware; (c) each of the parties included on the Debtors' consolidated top 30 creditors list; (d) the Internal Revenue Service; (e) the attorney general for each state in which the Debtors operate; (f) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (g) any other party entitled to notice under Local Rule 9013-1. Because this motion seeks "first day" relief, notice of this motion and any order entered in connection with this motion will be served on all parties required by Local Rule 9013-1(m).  The Debtors respectfully submit that such notice is sufficient and no other or further notice of this motion is required.

---

[2]     In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them.  The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed Order, granting the relief requested in this motion, and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  August 17, 2023

**DLA PIPER LLP (US)**

*/s/ R. Craig Martin*
R. Craig Martin (DE 5032)
Stuart M. Brown (DE 4050)
Matthew Sarna (DE 6578)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com
        stuart.brown@us.dlapiper.com
        matthew.sarna@us.dlapiper.com

*Proposed Counsel for the Debtors*