IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Joint Administration Requested) |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD PUBLICATION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) LIMITING CERTAIN EQUITY SECURITY HOLDINGS DISCLOSURES, AND (III) GRANTING RELATED RELIEF**

Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion ("Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to (i) redact or withhold publication of certain personally identifiable information, (ii) limiting the application of Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") with respect to the equity security holder list (the "Equity List") of Vesttoo Ltd., and (iii) granting related relief. In support of the Motion, the Debtors rely upon in a *Declaration of Ami Barlev in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") to be filed in these chapter 11 cases, and respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates, and this

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

1

matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

3. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in the Motion are section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007 and 9037, and Local Rules 1007-1, 1007-2 and 9018-1(d).

## BACKGROUND

5. On August 14 and 15, 2023, the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property, continue to operate their businesses and manage their property as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee, examiner or official committee of unsecured creditors has been appointed. No date has been set for a meeting of creditors pursuant to section 341 of the Bankruptcy Code.

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to these chapter 11 cases, is set forth in the First Day Declaration, which is fully incorporated herein by reference.

**RELIEF REQUESTED**

7.     Under section 521 of the Bankruptcy Code, Bankruptcy Rules 1007 and 9037, and Local Rules 1007-1, 1007-2 and 9018-1(d), the Debtors request entry of the Proposed Order, (i) authorizing the Debtors to redact or withhold publication of certain personally identifiable information, (ii) limiting the application of Bankruptcy Rule 1007(a)(3) with respect to the Equity List, and (iii) granting related relief.

**BASIS FOR RELIEF**

**A.     Ample cause exists to authorize the Debtors to redact certain personally identifiable information of current and former employees and individual equity holders.**

8.     Included among the Debtors' creditors listed on the consolidated list of creditors (the "Creditor Matrix") are current and former employees of the Debtors, as well as individual equity holders. Section 107(c)(1) of the Bankruptcy Code enables this Court to protect parties from the potential harm that could result from disclosing personally identifiable information that may lead to identify theft or other unlawful injury. 11 U.S.C. § 107(c)(1). Bankruptcy Rule 9037 also requires that personally identifiable information of individuals be redacted to protect against disclosure for privacy and security concerns, as well as theft or other injury from unlawful conduct.

9.     It is appropriate to authorize the Debtors to redact from any document publicly available in these chapter 11 cases the personal information, including home addresses, email, and cell phone numbers of the Debtors' current and former employees, as well as individual equity holders, to avoid exposing these individuals to potential identity theft or jeopardizing their safety by publishing their information.

10.     Indeed, there is little benefit to public access to the home addresses of the Debtors' current and former employees and individuals that are equity holders in the context of a bankruptcy case, when the Debtors' addresses are readily available and the noticing agent in these chapter 11

cases will maintain a separate, confidential mailing list for service to the employees and individual equity holders at their residences for the benefit of all parties in interest desiring to serve such parties with pleadings or notices in these chapter 11 cases.

11. Courts in this District frequently grant similar relief. *See, e.g.*, *In re AeroFarms, Inc., et al.*, Case No. 23-10737 (MFW) [D.I. 41] (Bankr. D. Del. June 9, 2023) (authorizing the debtors to redact address information and other personally identifiable information of individual creditors, including the debtors' employees, listed on the creditor matrix or other documents filed with the court); *In re Gold Standard Baking, LLC, et al.*, Case No. 22-10559 (JKS) [D.I. 40] (Bankr. D. Del. June 23, 2022) (same); *In re EYP Group Holdings, Inc., et al.*, Case No. 22-10367 (MFW) [D.I. 38] (Bankr. D. Del. April 26, 2022) (same); *In re Agspring Miss. Region, LLC*, No. 21-11238 (CTG) [D.I. 8] (Bankr. D. Del. Sept. 13, 2021) (same); *In re Sequential Brands Group, Inc., et al.*, Case No. 21-11194 (JTD) [D.I. 65] (Bankr. D. Del. Sept. 1, 2021) (same).[2]

12. Accordingly, the Debtors respectfully submit that ample cause exists to authorize the Debtors to redact certain personally identifiable information of current and former employees and individual equity holders.

**B. Cause exists to limit the application of Bankruptcy Rule 1007(a)(3) with respect to the Equity List of Vesttoo Ltd.**

13. Bankruptcy Rule 1007(a)(3) provides that "the debtor shall file within fourteen days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder."

---

[2] In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

14. The Debtors respectfully submit that cause exists for the Court to limit the disclosure obligations imposed by Bankruptcy Rule 1007(a)(3) and request that such disclosures be limited to the registered holders of 5% or more of the common stock in Vesttoo US Inc. Indeed, preparing Vesttoo Ltd.'s Equity List in full compliance with Bankruptcy Rule 1007(a)(3) would be burdensome, time-consuming, expensive and serve little or no beneficial purpose. The Debtors will provide Vesttoo Ltd.'s equity security holders with notice as required by the Bankruptcy Code through the records maintained by the Debtors' transfer agent and relevant securities depositories, including their nominees, brokers or other agents, as appropriate. Thus, the Debtors submit that the requested relief does not prejudice the equity security holders.

15. Courts in this District frequently grant similar relief. *See, e.g.*, *In re AeroFarms, Inc., et al.*, Case No. 23-10737 (MFW) [D.I. 41] (Bankr. D. Del. June 9, 2023) (limiting disclosures to equity security holders that hold 5% or more of debtor's common stock); *In re NewAge, Inc., et al.*, Case No. 22-10819-LSS (LSS) [D.I. 154] (Bankr. D. Del. Sept. 29, 2022) (waiving the requirement to file equity security holders list entirely); *In re Pennsylvania Real Estate Investment Trust, et al.*, Case No. 20-124737 (KBO) [D.I. 187] (Bankr. D. Del. Nov. 23, 2020) (limiting disclosures to equity security holders that hold 5% or more of debtor's common stock); *In re AAC Holdings, Inc.*, Case No. 20-11648 (JTD) [D.I. 51] (Bankr. D. Del. June 23, 2020) (waiving the requirement to file a list of equity holders and the requirement to provide notice directly to equity security holders); *In re Pernix Sleep, Inc.*, Case No. 19-10323 (CSS) [D.I. 297] (Bankr. D. Del. Apr. 11, 2019) (waiving the requirement to file a list of equity security holders).[3]

---

[3] In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them. The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

16. Under the circumstances and given the nature of the relief requested in this Motion, the Debtors have not been able to confer with the individuals whose information is requested to be sealed, and accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d).

## NOTICE

17. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for Region 3 (Attn: Timothy Fox, Esq. (Timothy.Fox@usdoj.gov)); (b) the Office of the United States Attorney for the District of Delaware; (c) each of the parties included on the Debtors' consolidated top 30 creditors list; (d) the Internal Revenue Service; (e) counsel to the Debtors' secured lenders; (f) the attorney general for each state in which the Debtors operate; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) any other party entitled to notice under Local Rule 9013-1. Because this Motion seeks "first day" relief, notice of this Motion and any order entered in connection with this Motion will be served on all parties required by Local Rule 9013-1(m). The Debtors respectfully submit that such notice is sufficient and no other or further notice of this Motion is required.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed Order, granting the relief requested in this Motion, and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated:  August 17, 2023

**DLA PIPER LLP (US)**

/s/ *R. Craig Martin*
Craig Martin (DE 5032)
Stuart M. Brown (DE 4050)
Matthew Sarna (DE 6578)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com
stuart.brown@us.dlapiper.com
matthew.sarna@us.dlapiper.com

*Proposed Counsel for the Debtors*