## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Joint Administration Requested) |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER ENFORCING SECTIONS 362, 365(E)(1), 525 AND 541 OF THE BANKRUPTCY CODE

Vesttoo Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached to this Motion as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 362, 365(e)(1), 525 and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), (a) enforcing and restating the worldwide automatic stay, ipso facto and antidiscrimination provisions under the Bankruptcy Code, (b) approving the form and manner of notice related thereto, substantially in the form attached as Exhibit 1 to the Order (the "Notice") and (c) granting certain related relief.  The facts and circumstances supporting this Motion will be set forth in a *Declaration of Ami Barlev in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") to be filed in these cases. In further support of the Motion, the Debtors respectfully state as follows:

---

[1]     Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

1

## BACKGROUND

1.      On August 14 and 15, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed with the Court a voluntary petition for relief under the Bankruptcy Code. The Debtors remain in possession of their assets, continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On or about the Petition Date, the Debtors filed a motion with the Court pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") seeking joint administration of the Debtors' cases (the "<u>Chapter 11 Cases</u>"). No creditors' committee, trustee or examiner has been appointed in these Chapter 11 Cases.

2.      Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the First Day Declaration.

## JURISDICTION

3.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 362, 365(e)(1), 525, and 541 of the Bankruptcy Code.

4.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

ACTIVE\1602387757.2

## RELIEF REQUESTED

5.      By this Motion, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) enforcing and restating the worldwide automatic stay, *ipso facto* and antidiscrimination provisions under the Bankruptcy Code, (b) approving the Notice and (c) granting certain related relief. The Debtors further seek authority to translate this Motion, the Order and the Notice if necessary to better inform creditors, governmental units, and interested parties of the relief requested in this Motion.

## BASIS FOR RELIEF

**I.     Restating the worldwide automatic stay, ipso facto and antidiscrimination provisions of the Bankruptcy Code is appropriate where the Debtors' parties-in-interest are foreign.**

6.      As a result of the Debtors' international business operations, the Debtors have many foreign creditors, contract counterparties and other parties-in-interest in countries who may not be well versed in the protections and restrictions of the Bankruptcy Code. Creditors and parties-in-interest may be unfamiliar with the operation of the worldwide automatic stay involve upon the Petition Date and other provisions of the Bankruptcy Code.

7.      Upon the commencement of these Chapter 11 Cases, non-U.S. counterparties to certain leases and executory contracts could attempt to terminate such leases or contracts, including pursuant to *ipso facto* provisions in contravention of sections 362 and 365 of the Bankruptcy Code.

8.      Similarly, governmental units outside of the United States may, in violation of section 525 of the Bankruptcy Code, deny, suspend, terminate, or otherwise place conditions upon certain licenses, permits, charters, franchises, or other similar grants held by a Debtor that is required for the Debtors' ongoing business operations.

ACTIVE\1602387757.2

9. Accordingly, the Debtors submit that such circumstances warrant an order apprising all parties—especially non-U.S. governmental units, creditors and vendors—of sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code and the protections provided thereby.

10. The filing of these Chapter 11 Cases triggered a worldwide automatic stay under section 362 of the Bankruptcy Code that enjoins all persons and all governmental units from, among other things: (a) commencing or continuing a judicial, administrative or other proceeding against any of the Debtors that was or could have been commenced before these Chapter 11 Cases were filed or recovering upon a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases or (b) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases. *See* 11 U.S.C. § 362 for the full scope of the actions enjoined automatically on the Petition Date.

11. Section 365(e)(1) of the Bankruptcy Code prohibits all parties to executory contracts or unexpired leases with the Debtors from, among other things, terminating or modifying any such contract or lease, or any right or obligation under such contract or lease, at any time after the Petition Date solely because of a provision in such contract or lease that is conditioned on: (a) the insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases, (b) the commencement of these Chapter 11 Cases or (c) the appointment of a trustee. *See* 11 U.S.C. § 365(e)(1).

12. Similarly, provisions in agreements, transfer instruments or applicable non-bankruptcy law are unenforceable if any such provision "restricts or conditions transfer of such interest by the debtor" or:

> is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such

4

commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

13.     Section 525 of the Bankruptcy Code prohibits and enjoins governmental units, among other things, from denying, revoking, suspending or refusing to renew any license, permit, charter, franchise, or other similar grant to, condition such a grant on, or discriminate with respect to such a grant against, the Debtors solely because the Debtors: (a) are debtors under the Bankruptcy Code, (b) may have been insolvent before the commencement of these Chapter 11 Cases or (c) may be insolvent during the pendency of these Chapter 11 Cases. *See* 11 U.S.C. § 525.

14.     The protections contained in sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code are self-executing.  They constitute fundamental debtor protections that help provide the Debtors with the "breathing spell" necessary to enable a smooth and orderly transition into chapter 11.  *See, e.g.*, H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 340 (1977); *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 327 (3d Cir. 1990) ("The scope of the automatic stay is undeniably broad."); *In re THG Holdings LLC*, 604 B.R. 154, 160 (Bankr. D. Del. 2019) ("The automatic stay is one of the most fundamental protections provided by the Bankruptcy Code, giving the debtor a breathing spell from its creditors. . . . Section 362 states that 'any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate' and 'any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case' is subject to the automatic stay.") (citations omitted).

15.     The protections in these provisions extend to protect a debtor's property and contracts wherever they are located and by whomever held. *See In re Nortel Networks, Inc.*, 669 F.3d 128, 138 (3d Cir. 2011) ("Since 1987, United States courts have uniformly upheld the extraterritorial application of the automatic stay.") (citation omitted); *In re NDEP Corp.*, 193 B.R.

5

710, 712 (Bankr. D. Del. 1995) ("Under Section 541 of the Code, [debtor's] bankruptcy filing []
created an estate composed of all [debtor's] legal or equitable interests as of the commencement
of the case wherever located and by whomever held."). Accordingly, any actions by third parties
to modify or terminate contracts or enforce their terms against the Debtors are prohibited absent
court approval after notice and a hearing. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531
(1984) (holding that while the debtor may enforce the terms of the contract against the creditor,
the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to
the assumption by the debtor); *see also U.S. Postal Serv. v. Dewey Freight Sys., Inc.*, 31 F.3d 620,
624 (8th Cir. 1994) ("After a debtor commences a Chapter 11 proceeding, but before executory
contracts are assumed or rejected under § 365(a), those contracts remain in existence, *enforceable
by the debtor but not against the debtor*.") (emphasis in original).

16.    Notwithstanding the fundamental, self-executing and worldwide nature of these
statutory protections, not all parties affected or potentially affected by the commencement of a
chapter 11 case may be aware of their existence. Debtors in bankruptcy often must advise third
parties of the existence and effect of sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code.
Occasionally, a chapter 11 debtor has to initiate adversary proceedings in the bankruptcy court to
enforce these protections.

17.    To avoid such unnecessary actions, and to provide notice to parties unfamiliar with
the Bankruptcy Code of the scope and effect of the section 362 worldwide automatic stay, the
section 365(e)(1) and 541(c) prohibition against enforcement of ipso facto clauses and the section
525 antidiscrimination provision, the Debtors respectfully request entry of the proposed Order
restating those provisions. To that end, the Debtors submit that service of the Notice in appropriate
circumstances will advance the efficient administration of these Chapter 11 Cases.

18.     The Debtors conduct business with parties in jurisdictions worldwide, many of whom are unfamiliar with the U.S. bankruptcy process and the protections afforded to debtors. In addition, a significant amount of the Debtors' property is located outside of the United States. As a result of this, many counterparties may not be familiar with United States bankruptcy law and, absent such an order, may take precipitous action against the Debtors or their property.

19.     The Order, by restating the safeguards in sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code, would help protect the Debtors from unwitting violations of these crucial provisions. The granting of the relief requested will help ensure that (a) the non-debtor parties to unexpired leases and executory contracts with the Debtors will continue to perform and will not unilaterally terminate their contracts, (b) creditors do not seize the Debtors' assets, impose liens or take any other action in violation of the worldwide automatic stay and (c) foreign governmental authorities do not deny, revoke or suspend any licenses or permits solely because the Debtors are in chapter 11. It would also spare the Debtors from the burden of commencing adversary proceedings to enforce the protections automatically provided by the Bankruptcy Code. Consequently, the Order will assist the Debtors in effecting an orderly chapter 11 process.

20.     Courts in this district have routinely granted relief similar to the relief requested herein. *See, e.g.*, *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Nov. 22, 2022) [D.I. 137]; *In re EHT US1, Inc.*, No. 21-10036 (CSS) (Jan. 18, 2021), [D.I. 53]; *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Oct. 14, 2020), [D.I. 215]; *In re Skillsoft Corporation*, No. 20-11532 (MFW) (June 16, 2020), [D.I. 80]; *In re The Hertz Corporation*, No. 20-11218 (MFW) (May 27, 2020), [D.I.

7

184]; *In re Ver Techs. Holdco LLC*, No. 18-10834 (KG) (May 4, 2018), D.I. 230; *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (July 6, 2017), [D.I. 59].[2]

## NOTICE

21.     Notice of this motion will be provided to: (a) the Office of the United States Trustee for Region 3 (Attn: Timothy Fox, Esq. (Timothy.Fox@usdoj.gov)); (b) the Office of the United States Attorney for the District of Delaware; (c) each of the parties included on the Debtors' consolidated top 30 creditors list; (d) the Internal Revenue Service; (e) the attorney general for each state in which the Debtors operate; (f) the United States Department of Justice (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) any other party entitled to notice under Local Rule 9013-1.  Because this motion seeks "first day" relief, notice of this motion and any order entered in connection with this motion will be served on all parties required by Local Rule 9013-1(m).  The Debtors respectfully submit that such notice is sufficient and no other or further notice of this motion is required.

## NO PRIOR REQUEST

22.     No prior motion for the relief requested herein has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

---

[2]     In accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them.  The orders are also available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

ACTIVE\1602387757.2

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed Order, granting the relief requested in this motion, and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: August 17, 2023                     **DLA PIPER LLP (US)**

/s/ R. Craig Martin
R. Craig Martin (DE 5032)
Stuart M. Brown (DE 4050)
Matthew Sarna (DE 6578)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com
        stuart.brown@us.dlapiper.com
        matthew.sarna@us.dlapiper.com

*Proposed Counsel for the Debtors*

9