## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Related D.I. __** |

## ORDER ENFORCING SECTIONS 362, 365(e)(1), 525
## AND 541 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of Vesttoo Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order"), (a) enforcing and restating the worldwide automatic stay, ipso facto and antidiscrimination provisions under the Bankruptcy Code, (b) approving the Notice and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]     Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth in this Order.

2.      Pursuant to section 362 of the Bankruptcy Code, all persons or entities (including individuals, partnerships, corporations, and all those acting for or on their behalf) all governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are stayed, restrained and enjoined from:

   (a)      commencing or continuing any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, the issuance or enforcement of process or any and all other similar proceedings) against the Debtors that was or could have been initiated before the Debtors' Chapter 11 Cases commenced, or to collect, enforce, or recover a claim against the Debtors that arose before the Chapter 11 Cases commenced;

   (b)      enforcing, against the Debtors or property of the estates, a judgment or order obtained before the commencement of these Chapter 11 Cases;

   (c)      taking any action to obtain possession of property of the estates or of property from the estates or to exercise control over property of the estates;

   (d)      taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

2

(e)     taking any action to create, perfect or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 Cases;

(f)     taking any action to collect, assess or recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

(g)     offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors; and

(h)     commencing or continuing a proceeding before the United States Tax Court concerning a tax liability of the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3.     Subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, all persons or entities and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors and the Debtors' estates, wherever located.

4.     Courts of competent jurisdiction, including this Court, may request in the relevant jurisdictions the enforcement and recognition of these Chapter 11 Cases, including, but not limited to, application of the worldwide automatic stay and all other orders entered in these Chapter 11 Cases.

5.     Pursuant to sections 362 and section 365(e)(1) of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right

3

or obligation under such contract or lease, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on:

    (a)    the insolvency or financial condition of the debtor at any time before the closing of these Chapter 11 Cases;

    (b)    the commencement of these Chapter 11 Cases; or

    (c)    the appointment of a trustee in these Chapter 11 Cases.

6.    This Order shall not affect (a) the substantive rights of any party or the availability of any of the exceptions contained in sections 362(b) and 365(e)(1) of the Bankruptcy Code or (b) the right of any party-in-interest to seek in the Bankruptcy Court relief from the worldwide automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

7.    Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited and enjoined from (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, (b) placing conditions upon such a grant to or (c) discriminating with respect to such a grant against any of the Debtors (or another person with whom any of the Debtors has been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during these Chapter 11 Cases.

8.    The form of Notice, substantially in the form attached to this Order as **Exhibit 1**, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

9.    The Debtors are authorized, but not directed, to translate this Motion, the Order and the Notice.

10. Nothing in this Order is intended to, or shall, alter the effect of any provision of the Bankruptcy Code, including, without limitation 11 U.S.C. §§ 362, 365, 525, 555, 556, 560 and 561.

11. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

## **EXHIBIT 1**

**Form of Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Joint Administration Requested) |
| | Related D.I. __ |

**NOTICE OF ENTRY OF AN ORDER ENFORCING SECTIONS**
**362, 365(e)(1), 525 AND 541 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE** that on August 14 and 15, 2023, Vesttoo US Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases (the "Chapter 11 Cases") are pending before the Honorable Mary F. Walrath, United States Bankruptcy Judge, and are being jointly administered under the lead case *In re Vesttoo Ltd.*, et al., No. 23-11160 (MFW).

**PLEASE TAKE FURTHER NOTICE** that pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions operates as a self-effectuating, statutory stay or injunction, applicable to all entities and protecting the Debtors from, among other things: (a) the commencement or continuation of a judicial, administrative, or other action or proceeding against the Debtors (i) that was or could have been commenced before the commencement of these Chapter 11 Cases or (ii) to recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases; (b) the enforcement, against the Debtors or against any property of the Debtors' bankruptcy estates, of an order or judgment obtained before the commencement of these Chapter 11 Cases; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Order Enforcing Sections 362, 365(e)(1), 525 and 541 of the Bankruptcy Code* (the "Order"), D.I. [●], entered on August [●], 2023, and attached hereto as Exhibit A, all persons wherever located (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and all governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are hereby put on notice that they are subject to the Order and must comply with its terms and provisions.

---

[1]    Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

**PLEASE TAKE FURTHER NOTICE** that any entity that seeks to assert claims or interests against, seeks to assert causes of action or other legal or equitable remedies against, or otherwise exercise any rights in law or equity against the Debtors or property of the estates must do so in front of the Court pursuant to the Order, the Bankruptcy Code and applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, any governmental agency, department, division or subdivision, or any similar governing authority is prohibited from, among other things: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases or are insolvent during the pendency of these Chapter 11 Cases as set forth more particularly in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, parties to contracts or agreements with the Debtors are prohibited from terminating such contracts or agreements because of a Debtor's bankruptcy filing—except as permitted by the Court under applicable law.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to sections 105(a) and 362(k) of the Bankruptcy Code and rule 9020 of the Federal Rules of Bankruptcy Procedure, among other applicable substantive law and rules of procedure, any person or governmental unit seeking to assert its rights or obtain relief outside of the processes set forth in the Order, the Bankruptcy Code and applicable law may be subject to proceedings in front of the Court for failure to comply with the Order and applicable law—including contempt proceedings resulting in fines, sanctions and punitive damages against the entity and its assets inside the United States.

*[Remainder of Page Intentionally Left Blank]*

2

**PLEASE TAKE FURTHER NOTICE** that additional information regarding these Chapter 11 Cases, including copies of pleadings filed therein, may be obtained by (a) reviewing the publicly available docket of the Debtors' Chapter 11 Cases at http://ecf.deb.uscourts.gov (PACER login and password required), (b) accessing the Debtors' publicly available website providing information regarding these Chapter 11 Cases, located online at https://dm.epiq11.com/vesttoo or (c) contacting the following proposed counsel for the Debtors.

Dated: August [_], 2023

**DLA PIPER LLP (US)**

*/s/ Draft* _____
R. Craig Martin (DE 5032)
Stuart M. Brown (DE 4050)
Matthew Sarna (DE 6578)
1201 N. Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: craig.martin@us.dlapiper.com
        stuart.brown@us.dlapiper.com
        matthew.sarna@us.dlapiper.com

*Proposed Counsel for the Debtors*

3