## Exhibit A

**PROPOSED INTERIM ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Joint Administration Requested) |
| | Re D.I. |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION WAGES AND COMPENSATION AND MAINTAIN AND CONTINUE EMPLOYEE BENEFIT PROGRAMS AND (II) AUTHORIZING AND DIRECTING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH EMPLOYEE OBLIGATIONS

Upon the *Motion of the Debtors for the Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Wages and Compensation and Maintain and Continue Employee Benefit Programs and (II) Authorizing Banks to Honor and Process Checks and Transfers Related to Such Employee Obligations* (the "Motion")[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry an interim order (this "Interim Order"), (i) authorizing the Debtors to: (a) pay salaries, wages and other compensation, related taxes and withholdings, and reimbursable employee expenses incurred prior to the Petition Date (as defined below) and (b) honor and continue benefit programs for their employees; and (ii) granting related relief; all as further described in the Motion; and upon consideration of the First Day Declaration and the record of these chapter 11 cases; and this Court having found that (i) this Court has jurisdiction over the Debtors, and their estates, and to consider the Motion and the relief requested

---

[1]     Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2]     Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth in this Interim Order.

2.      The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on

**_____, 2023 at __:__ _.m. (EDT)**.  Any objections or responses to entry of the Final

Order on the Motion (each, an "<u>Objection</u>") shall be filed on or before **4:00 p.m. (EDT) on**

**_____, 2023,** and served on the following parties: (a) proposed counsel for

the Debtors, DLA Piper LLP (US), 1201 N. Market Street, Suite 2100, Wilmington, Delaware

19801-1147 (<u>Attn</u>.: R. Craig Martin, Esq. [craig.martin@us.dlapiper.com], Stuart M. Brown, Esq.

[stuart.brown@us.dlapiper.com] and Matthew Sarna, Esq. [matthew.sarna@us.dlapiper.com]); (b)

the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox

35, Wilmington, Delaware 19801 (Attn.: Timothy Fox, Esq. [(Timothy.Fox@usdoj.gov]); and (c) counsel to any statutorily appointed committee in these chapter 11 cases. In the event no Objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3.    The Debtors are authorized, but not directed, to pay, remit, and/or honor the Prepetition Employee Obligations in the ordinary course of business, subject to an aggregate maximum amount during the interim period of $[_] as outlined in the below chart, subject to the limitations set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code and entry of a final order.

| Summary of Relief Requested | | |
|---|---|---|
| | Interim | Final |
| Employee Benefit Programs[1] | $[_] | $[_] |
| Accrued and Unpaid Compensation | $500,000 | $500,000 |
| Credit Card Expenses | $[_] | $30,000 |
| Independent Contractors | $47,000 | $75,000 |
| Out of Pocket Expenses | $10,000 | $10,000 |
| Withholding Taxes and Obligations | $[_] | $[_] |
| Payroll. Service Fee | $1,370.00 | $$1,370.00 |
| Severance Payments | $1,399,503 | $1,399,503 |
| Total Relief Requested | $[_] | $[_] |

4.    The Debtors are authorized, but not directed, in their sole discretion, to honor and continue, modify, change, or discontinue the Employee Benefit Programs in the ordinary course during these chapter 11 cases, subject to applicable law and the terms of this Interim Order, *provided*, *however*, that (i) such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Programs under section 365(a) of the Bankruptcy Code and (ii) the Debtors shall seek Court approval of any modification or change to this Interim Order that would implicate any portion of section 503(c) of the Bankruptcy Code.

---

[1]    This category includes the total amount owed on account of (i) the 401K Plan, (ii) the Group Health Plans, and (iii) the Time Off Policies.

3

5.      All Withholding Taxes and Obligations are hereby authorized to be paid by the Debtors and any applicable third parties, where necessary, in the ordinary course of business. For the avoidance of doubt, this includes Withholding Taxes and Obligations required to be paid under the laws of all foreign jurisdictions where the Debtors operate and have Employees.

6.      The Banks are hereby authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors pursuant to this Interim Order, whether presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable amounts to make such payments.

7.      Nothing herein shall be deemed to (1) authorize the payment of any amounts in satisfaction of bonus or non-statutory severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; or (2) authorize the Debtors to cash out unpaid vacation/leave time upon termination of an employee, unless applicable state or foreign law requires such payment; *provided, however*, that nothing in this Interim Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.[3]

8.      The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of prepetition obligations and claims as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the chapter 11 cases. To the extent any Employee has suffered any actual monetary penalty or charge due to the inadvertent dishonor of any check of the Debtors on account of any Prepetition Employee Obligations, the Debtors shall be authorized, but not directed, to reimburse the Employee for such amount without further order of this Court.

---

[3] [NTD: How does Craig and Stuart want to deal with this provision]

9. Nothing contained in this Interim Order is intended to or shall: (a) be construed as an admission as to the validity of any claim against the Debtors; (b) impair, prejudice waive or otherwise affect the rights of the Debtors or their estates to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtors; (c) impair, prejudice waive or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action which may exist against any third party; (d) be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code; or (e) create any rights in favor of, or enhance the status or nature of any claim held by, any person.

10. Payments made pursuant to this Interim Order are not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently. The Debtors retain the sole discretion whether to pay any claim that the Court authorizes under this Interim Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

12. The requirements of Bankruptcy Rule 6003(b) are satisfied.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be immediately effective and enforceable upon its entry.

15. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Interim Order.

16.     This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.