# EXHIBIT B

**Proposed Final Order**

ACTIVE\1602362750.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Jointly Administered)<br><br>**Related D.I. __, __** |

**FINAL ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM, (II) MODIFYING REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE, AND (III) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Continued Use of the Debtors' Cash Management System, (II) Modifying Requirements of Section 345(b) of the Bankruptcy Code. and (III) Granting Related Relief* (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors"), for entry of a final order (this "Final Order"), pursuant to sections 105(a), 345, and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not directing, the Debtors to continue using their current Cash Management System, existing Bank Accounts, and Business Forms, including authorizing all Banks participating in the Cash Management System to honor certain transfers and charge Bank Fees and certain other amounts, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having found that (i) this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

*Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, (ii) this Court may enter a final order consistent with article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and the Court having granting the relief requested in the Motion on an interim basis [Docket No. ●], and on the record of these chapter 11 cases; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Final Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

   1. The Motion is GRANTED on a final basis, as set forth in this Final Order. Any objections or reservations of rights filed in respect of the Motion are overruled, with prejudice.

   2. The Debtors are authorized, on a final basis, to maintain and continue to use their Cash Management System described in the Motion, including the Bank Accounts listed as **Exhibit D** to the Motion; *provided*, *however*, that the Debtors are authorized to maintain and continue the use of any Bank Account in place after the Petition Date that was not listed on **Exhibit D** in the ordinary course of business, subject to the terms of this Final Order.

   3. The Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption; *provided*, *however*, that no checks or other debits issued against the Bank Accounts prior to the commencement of these chapter 11 cases shall be honored,

except as otherwise set forth in this Final Order or as authorized by other or further order of this Court and as represented by the Debtors to such Banks.

4. Notwithstanding anything in this Final Order to the contrary, (a) all existing deposit and cash management agreements and/or arrangements between any of the Debtors and the Banks (including all other related agreements) shall continue to govern the postpetition deposit and cash management relationship between the Debtors and the Banks, and the provisions regarding termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements (including any provisions requiring the Debtors to reimburse a Bank for legal fees or expenses incurred by such Bank on account of these chapter 11 cases) shall remain in full force and effect, subject in all respects to the Bankruptcy Code and any applicable order of the Court, (b) the Debtors and the Banks may, without further order of this Court, agree to and implement non-material changes to the Cash Management System and procedures in the ordinary course of business and in accordance with the terms of the existing deposit and disbursement agreements and arrangements, and (c) in the course of providing cash management services to the Debtors, the Banks are authorized without further order of this Court to deduct from the appropriate accounts of the Debtors the Bank Fees, and further, to charge back to the appropriate accounts of the Debtors (or seek reimbursement from the Debtors of) any amounts resulting from Returned Items regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

5. To the extent the Debtors' Money Market Investments or Bank Accounts are not compliant with Bankruptcy Code section 345, the requirements of Bankruptcy Code section 345 are hereby waived on a final basis.

6. Except for those checks, drafts, wires, or ACH Transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Final Order or as authorized by other or further order of this Court, no checks, drafts, wires, or ACH Transfers issued on the Debtors' existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

7. The Debtors are authorized, from and after the Petition Date on a final basis, to continue to use their Cash Management System with respect to Intercompany Transfers, in accordance with the Debtors' customary business practices that existed prior to the Petition Date and except as otherwise provided in this Final Order.  All net Intercompany Claims against a Debtor held by another Debtor arising from postpetition Intercompany Transfers, if any, shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. For the avoidance of doubt, the Debtors are authorized to continue to send funds to another Debtor on an as-needed basis, to the extent consistent with historical practices.  Notwithstanding the foregoing, the Debtors shall not make any intercompany transfers to any non-Debtor affiliates or subsidiaries absent further Order of the Court

8. The Debtors shall maintain accurate and detailed records of all transfers, including Intercompany Transfers, so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

9. The Banks shall not be liable to any party or otherwise deemed in violation of this Final Order on account of: (a) following the Debtors' instructions, directions or representations as to any order of this Court, any prepetition check or other item; (b) honoring any prepetition check or item in a good-faith belief that the Court authorized such prepetition check or item to be

4

honored; (c) a mistake made despite implementation of reasonable item-handling procedures; or (d) honoring any prepetition check or item presented postpetition but prior to the entry of this Final Order.

10.     The Banks are authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

11.     The Debtors are authorized to continue to use their existing checks and other Business Forms, without alteration or change and without the designation "Debtor in Possession" or the lead case number imprinted upon them. However, if new checks and business forms are ordered, such checks and business forms shall be required to include the legend "Debtor in Possession" and the lead case number. To the extent applicable, third-party payroll and benefits administrators and providers are also authorized to prepare and issue checks on behalf of the Debtors, subject to the provisions of this paragraph.

12.     The Debtors shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

13.     Notwithstanding the Debtors use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the actual disbursements by each Debtor.

14.     The Debtors are hereby authorized to execute any additional documents and cooperate with the Banks as may reasonably be required to carry out the intent and purpose of this Final Order.

6

15. The requirements of Bankruptcy Rule 6004(a) are waived.

16. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Final Order shall be effective immediately and enforceable upon its entry.

17. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Final Order.

18. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Final Order.