# EXHIBIT A

**Proposed Order**

ACTIVE\1602417877.5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> VESTTOO LTD., *et al.*[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11160 (MFW) <br><br> (Jointly Administered) <br><br> **Related D.I.** __ |

### ORDER ENFORCING THE AUTOMATIC STAY AGAINST (I) WHITE ROCK INSURANCE (SAC) LTD. AND (II) THE PUTATIVE JOINT PROVISIONAL LIQUIDATORS OF THE DEBTORS' SEGREGATED ACCOUNTS

Upon the *Motion for an Order Enforcing the Automatic Stay Against (I) White Rock Insurance (SAC) Ltd. and (II) the Putative Joint Provisional Liquidators of the Debtors' Segregated Accounts* (the "Motion"),[2] filed by Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and upon consideration of the Barlev Declaration, the Wasty Declaration, the Tildesley Declaration, and the Martin Declaration; and the Court having found that (i) this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the referenced declarations establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. White Rock shall cease violating the automatic stay without further relief of this Court modifying the stay.

3. The automatic stay applied at the time White Rock participated in the appointment of the JPLs and as such, their appointment is void *ab initio* as before this Court.

4. The JPLs shall not take any act to obtain possession of property of these estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

5. The requirements of Bankruptcy Rule 6003(b) are satisfied.

6. The requirements of Bankruptcy Rule 6004(a) are waived.

7. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective immediately and enforceable upon its entry.

8. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

9. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.