# Exhibit L

## Quinn Emanuel Letter

Case 23-11160-MFW    Doc 16-12    Filed 08/21/23    Page 1 of 4

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7413**

WRITER'S EMAIL ADDRESS
**renitasharma@quinnemanuel.com**

August 18, 2023

Richard A. Chesley
444 West Lake Street
Suite 900
Chicago, Illinois 60606-0089
Via email: richard.chesley@us.dlapiper.com

Re:     Vesttoo Ltd.

Dear Richard,

I write in response to your letter, dated August 15, 2023, which alleges that our firm and our client, White Rock Insurance (SAC) Ltd. ("White Rock"), violated the automatic stay by filing a letter with the Court in *White Rock Insurance (SAC) Ltd., v. Vesttoo LTD et al.*, 2:23-cv-07065.

As your letter mischaracterizes the record, I will lay it out here.

On August 10, 2023, White Rock filed a petition with the United States District Court for the Southern District of New York, seeking injunctive relief against twenty Vesttoo entities.  (ECF No. 1.) That injunctive relief was granted by Judge Engelmayer on the same day, in an Order to Show Cause which temporarily enjoined Respondents from disposing of assets (beyond a $1,000,000 fund), granted White Rock immediate document and deposition discovery, and set a hearing on White Rock's request for a preliminary injunction for August 15 at 3:00 pm.  (ECF No. 27.)

On August 14, counsel for your clients filed a "Suggestion of Bankruptcy" with the Court, which identified six entities that had filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  On the basis of those six identified petitions, your clients' counsel informed the Court that "this lawsuit is stayed."  Counsel later e-mailed Judge Englemayer's Chambers, copying our firm, and informed the Court that given the Suggestion of Bankruptcy, "we presume the hearing before the Court for tomorrow afternoon will be adjourned."

On August 15, Judge Englemayer declined to adjourn the hearing, instead ordering that "Vesttoo's summary notice does not make apparent that the entirety of this action is automatically stayed.  In particular, the suggestion of bankruptcy filed with this Court does not indicate that all subsidiaries

quinn emanuel urquhart & sullivan, llp
ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

named in this action have filed for bankruptcy." (ECF No. 59). The Court noted that based on Vesttoo's filing, the hearing would need to address "whether the bankruptcy stay applies to the entirety of this action or just a part of it," and asked counsel for White Rock to submit a letter on that subject by 11:00 am. (*Id.*)

As ordered by the Court, my firm filed a letter informing the Court that one Respondent, Vesttoo RT SPV LLC, had not filed a petition for bankruptcy and had not been identified by Vesttoo as one of the Vesttoo entities and subsidiaries that had sought relief under chapter 11. (ECF No. 62.) On that basis, my firm requested that the Court permit Petitioner to take the previously-granted discovery against "Respondent Vesttoo RT SPV LLC and any other Vesttoo entities that have not sought relief under chapter 11." (*Id.*)

Contemporaneously with our firm's letter, counsel for your client filed a revised Suggestion of Bankruptcy and accompanying letter with the Court, informing the Court that "[a]ll of the Respondent entities listed on Exhibit 1 of Petitioner's petition, with the exception of an entity entitled Vesttoo RT SPV LLC," had now filed chapter 11 petitions. (ECF No. 60.) Counsel for your client further stated that "as to [Vesttoo RT SPV LLC], because we have been unable to locate information concerning this entity to date, it does not appear to be an active entity, but we are in the process of confirming that." (*Id.*) Counsel for your client stated that he "hope[d] this information will address the issues raised in Your Honor's Order of this morning and allow for the adjournment of the hearing." (*Id.*) He did not raise any further bases for adjournment.

Judge Englemayer declined to adjourn the hearing on the basis of Respondents' representations, and instead ordered Respondents to immediately inform the Court if they were able to confirm the status of Vesttoo RT SPV LLC. (ECF No. 63.)

Shortly before the 3 p.m. hearing, counsel for your client informed me that, minutes before, Vesttoo RT SPV LLC had filed a chapter 11 petition. Counsel for your client made the same representation to the Court. (Aug. 16, 2023 Hr. Tr. 3:12-19 "[I]n the interim from my subsequent letter to your Honor and my getting off the elevator here this afternoon, the last entity has now been placed into bankruptcy which is Vesttoo RT SPV, LLC, the case number, your Honor, in Delaware Bankruptcy Court, is 23-111212. And again, I extremely apologize to both – I have already done so in the hallway to counsel – and to the Court.")

Having been informed that all Respondents had filed for bankruptcy, we confirmed to the Court that we sought no further relief. (*Id.* 5:10-16 "THE COURT: The question is what is necessary here in order to make sure that the record that is left here is clear for posterity. I would have it in mind to issue an order that states that in light of the counsel's representation that all respondents have filed for bankruptcy, the Court vacates the TRO as entered and places this case on its suspense docket. MS. SHARMA: We are comfortable with that, your Honor.")

2

Given the above, I was surprised to receive your letter on the evening of August 15. Your letter alleges that Quinn Emanuel violated the automatic stay on August 15 because 48 Vesttoo entities which "own, directly or indirectly, the assets of Vesttoo RT SPV LLC" had filed for bankruptcy on August 14. Your letter omits the fact that prior to sending it, neither you, your co-counsel, nor your client raised this issue with either me or the Court. Your letter further omits that neither you, your co-counsel, nor your client sought an adjournment of the hearing on the basis of the alleged ownership of the assets of Vesttoo RT SPV LLC. Finally, your letter also omits that until minutes before the hearing, your firm had neglected to file a chapter 11 petition on behalf of Vesttoo RT SPV LLC, or that once my firm was apprised that such a filing had been made, we notified the Court that we did not seek any further relief and did not object to the Court's decision to vacate the TRO. As the foregoing facts demonstrate, neither Quinn Emanuel nor White Rock has violated the automatic stay. I trust that this resolves your concerns and puts this matter to rest. White Rock and Quinn Emanuel reserve all rights.

Best,

Renita Sharma