IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Joint Administration Requested)<br><br>**Re: D.I. 15** |

**DECLARATION OF HANNAH TILDESLEY
IN SUPPORT OF MOTION FOR AN ORDER ENFORCING
THE AUTOMATIC STAY AGAINST
(I) WHITE ROCK INSURANCE (SAC) LTD. AND
(II) THE PUTATIVE JOINT PROVISIONAL LIQUIDATORS
OF THE DEBTORS SEGREGATED ACCOUNTS**

I, Hannah Tildesley, hereby declare under penalty of perjury that the following is true and correct:

1. I am a partner in the Dispute Resolution department of Appleby (Bermuda) Limited ("Appleby") in Hamilton, Bermuda. Appleby is part of the Appleby Global international full-service law firm with ten offices in offshore jurisdictions and Asia Pacific financial centers. I have a BA Hons in History from the University of Cambridge, a Graduate Diploma in Law from City, University of London and have been called to the bar in England and Wales (2012) and Bermuda (2018).

2. I specialize in international commercial litigation, with a particular focus on banking and funds litigation, director and shareholder disputes and contentious trust disputes. I have advised on various complex multi-jurisdictional restructurings, including Bermuda provisional liquidations accompanying Chapter 11 proceedings in the United States. I also

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

frequently advise on the litigation aspects of corporate deals, including governance issues, director duties and enforcement and insolvency considerations. I have appeared in a variety of trials and applications before the English High Court and County Courts as well as acting in various applications before the Supreme Court of Bermuda.

3. I make this Declaration in support of Debtor's *Motion for An Order Enforcing the Automatic Stay Against (I) White Rock Insurance (Sac) Ltd. and (II) The Putative Joint Provisional Liquidators of the Debtors' Segregated Accounts.*

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon (i) my personal knowledge, information, and belief, or my opinion based upon experience, knowledge, and information concerning the Debtors; (ii) information learned from my review of relevant documents and information concerning the Debtors' operations and financial affairs; and/or (iii) information obtained from the Debtors and their advisors, including the Appleby team working under my supervision. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

5. On August 11, 2023, I learned, via the public Court list which is circulated to all Bermuda law firms on a weekly basis, of hearing listed for two and a half hours on Friday, August 18, 2023, in the Supreme Court of Bermuda before Bermuda's Chief Justice, Hargun CJ captioned "*In the Matter of White Rock Insurance SAC Limited.*". I inquired about the hearing with White Rock's Bermuda counsel, My Kyle Masters from Carey Olsen Bermuda Ltd., and was told there was a debate about whether the hearing should be confidential and that it was included in the public court list as a result of an error at the Supreme Court. Mr Masters would not, therefore, tell me any information about the hearing. Mr Masters did indicate, however, that the hearing was related

to the Debtors and thus I informed him that Chapter 11 proceedings had been filed in Delaware and any Bermuda Order in relation to the Debtors could infringe or impact the Chapter 11 proceedings. I invited him to contact Debtors' counsel, Mr Craig Martin, to discuss the Chapter 11 and following the phone call I emailed Mr Masters with Mr Martin's contact details.

6. Because White Rock had so aggressively pursued its rights even after the automatic stay applied, Debtors' counsel wrote to Carey Olsen advising them of these bankruptcy cases and that Vesttoo Bay has an interest in the Segregated Accounts and any relief granted by a Bermuda Court with respect to them may have implications in the Chapter 11 cases.

7. Additionally, counsel requested that Carey Olsen, in the context of an apparently *ex parte* and confidential hearing inform the Bermuda court that Vesttoo is under the protection of Chapter 11 in the United States, that Vesttoo would be willing to participate in any hearing, and, should the Bermuda Court make any rulings, findings, or enter any orders that purport to impact the Chapter 11 Debtors' interests, including the interests in any of the Segregated Accounts, that we be made aware of those.

8. While the underlying applications had not been made available to the Debtors and there was uncertainty about whether the hearing was confidential or not, the Debtors engaged Appleby to attend the hearing to observe and, if appropriate, make submissions.

9. On arrival at Court, I was told by the receptionist that the proceedings were confidential and *ex parte* and should not have been included on the Court List. For the reasons set out in the declaration of Mr John Wasty of Appleby, I was unconvinced that there was any proper reason for the proceedings to be confidential and private and thus I waited for the Parties to arrive with a view to discussing the issue. Two other attorneys also attended the hearing having seen it on the Court list, Mr Peter Dunlop of Walkers Bermuda Ltd and Mr Rod Attride-Stirling of ASW

Law Ltd, both appeared for Vesttoo policyholders (e.g., the reinsurers that entered reinsurance agreements with the White Rock Segregated Account). Neither Mr Dunlop nor Mr Attride-Stirling had been served with the papers and, like me, they were surprised that there could be any suggestion the hearing might take place in private.

10. The Parties to the Bermuda Proceeding were the Bermuda Monetary Authority ("BMA"), represented by Mr Jeffrey Elkinson and Ms Britt Smith of Conyers and White Rock, represented by Carey Olsen, Mr Masters and Mr Michael Hanson. White Rock had also engaged Leading Counsel, Mr David Scorey KC of Essex Court Chambers in London.

11. The hearing was called on by the Judge's clerk and both Parties, myself, Mr Dunlop and Mr Attride-Stirling were admitted into Court. The Judge was not yet present. After a short time had passed the Court Clerk asked everyone to leave the Court room because Mr Elkinson, on behalf of the BMA had a private filing he needed to make. I assume she misspoke and meant application because filings are ordinarily done at the Court reception and not in front of Judges. Everyone, except the BMA, left the Court room.

12. After five to ten minutes had passed White Rock were invited into the Court room. The Judge was not in Court at the time. The Court clerk informed Mr Attride-Stirling, Mr Dunlop and myself that only the BMA and White Rock were permitted to enter. Whilst standing at the door of the Court Mr Attride-Stirling asked for an explanation from Mr Elkinson about why we were not permitted to attend. Mr Attride-Stirling indicated that we all wished to be heard and if the hearing was to be confidential, we all wished to be heard on that issue as well so that we could make submissions about why the case should be held in public. Mr Elkinson indicated he would inform the Judge that we were here and that we wished to be heard. At one point during this exchange I moved into the Court room for the purposes of holding open the door from a more

comfortable position and Mr Elkinson held out a staying hand and said loudly, "*Hannah you are not allowed to come in.*" At this point, there was nothing very much to see, given that the Judge was not sitting and the Parties were simply standing in the Court room.

13. Mr Attride-Stirling, Mr Dunlop and myself left the Court and waited outside. After twenty minutes or so the Parties exited the Court. I was surprised that the hearing had lasted for so little time because its original listing on the Court list had been for two and a half hours and the fact that the Parties were clearly prepared to make lengthy submissions. The presence of Mr Scorey KC underlined the contentious nature of the hearing; due to Bermuda's immigration laws parties can only be represented by overseas leading counsel if the matter is important, high-value and/or legally complex and permission must be sought from the Bermuda Bar Council. It is very unlikely Mr Scorey KC would have been permitted to appear for a twenty-minute application. The parties waiting outside the Courtroom were informed by Mr Elkinson that the petition had been adjourned until 29 September 2023.

14. It was only at this stage that I received confirmation that the hearing had concerned a petition (presumably a winding up petition) in respect of White Rock and the petition was presented by the BMA. Various questions were asked of Mr Elkinson, including why the petition had not been advertised and whether the parties could receive copies of the papers and the order made by the Court. Mr Elkinson said that these were matters to be addressed in correspondence between the parties.

15. Given that Mr Elkinson had informed Mr Dunlop, Mr Attride-Sterling and myself that the Petition had been adjourned, which I took to mean that no decision or orders had been made in respect of it aside from the decision to adjourn it, Appleby was very surprised to see a press release on the BMA website a few hours later, at around 2.30pm on the same day, indicating

-5-

that joint provisional liquidators, Michael Morrison and Charles Thresh of Teneo, had been appointed at the hearing over the Vesttoo cells.

16. The press release states in full:

> *"The Bermuda Monetary Authority And White Rock Bermuda Jointly Agree To Take Action To Address Alleged Fraud At Vesttoo*
>
> *18 August 2023*
>
> *HAMILTON, BERMUDA – The Bermuda Monetary Authority (Authority or BMA) and White Rock Insurance (SAC) Ltd. (White Rock Bermuda) today jointly agreed to a course of action in the Supreme Court of Bermuda that will focus on pursuing maximum recovery for the (re)insureds impacted by the alleged fraud involving Vesttoo related segregated accounts (Vesttoo Cells). Both parties have agreed for the Bermuda Supreme Court to appoint Charles Thresh and Michael Morrison of Teneo (Bermuda) Limited to act as Joint Provisional Liquidators (JPLs) for White Rock Bermuda with respect to the impacted Vesttoo Cells. The JPLs and the Board of Directors and management of White Rock Bermuda will bring their resources together to address the matter."*

17. Following the hearing I emailed Mr Elkinson and Mr Thresh and Mr Morrison to seek copies of the order made at the hearing. I have not had any response to these requests. Appleby intends to write to Mr Elkinson seeking further documents and information concerning the hearing tomorrow, 21 August 2023.

1. **Exhibit A** is the Court Listing for White Rock.
2. **Exhibit B** is Ms Tildesley's email to Mr Masters.

3. **Exhibit C** is Mr Martin's email to Mr Masters.

4. **Exhibit D** is the BMA Press Release.

5. **Exhibit E** is Ms Tildesley's email to Mr Elkinson.

6. **Exhibit F** is Ms Tildesley's email to Mr Thresh and Mr Morrison.

Executed in Hamilton on this 21 day of August, 2023:

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the Laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____

Hannah Tildesley