## EXHIBIT B

**(Blackline)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Jointly Administered)<br><br>Related D.I. ~~—~~ 15 |

**INTERIM ORDER REGARDING THE DEBTORS' MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST (I) WHITE ROCK INSURANCE (SAC) LTD. AND (II) THE PUTATIVE JOINT PROVISIONAL LIQUIDATORS OF THE DEBTORS' SEGREGATED ACCOUNTS AND ADJOURNING THE HEARING THEREON**

Upon consideration of the *Motion for an Order Enforcing the Automatic Stay Against (I) White Rock Insurance (SAC) Ltd. and (II) the Putative Joint Provisional Liquidators of the Debtors' Segregated Accounts* (the "Motion"),[2] filed by Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**")~~,~~ and ~~upon consideration of~~ the ~~Barlev Declaration, the Wasty Declaration, the Tildesley Declaration, and the Martin Declaration; and the Court having found that~~ consent of White Rock Insurance (~~i~~SAC) ~~this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157~~ Ltd. ("**White Rock**") and ~~1334~~ Charles Thresh and Michael Morrison, the *~~Amended Standing Order of Reference~~* ~~from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court~~

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

~~ACTIVE\1602417877.5~~

~~may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the referenced declarations establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor,~~ Joint Provisional Liquidators (the "**JPLs**"),[3] to the entry of this Interim Order;

**IT IS HEREBY ORDERED THAT:**

~~1.    The Motion is GRANTED.~~

1.  ~~2.~~ White Rock and the JPLs shall ~~cease violating~~ not take any action that violates the automatic stay applicable to the Debtors' bankruptcy cases without first obtaining further relief ~~of~~ from this Court ~~modifying the stay~~.

~~3.    The~~

2.  White Rock and the JPLs agree to conduct themselves as if the automatic stay ~~applied at~~ applies to the ~~time White Rock participated in the appointment of the JPLs and as such, their appointment is void *ab initio* as before~~ Segregated Accounts and the property within the Segregated Accounts absent further order of this Court.

---

[3] The Debtors have not seen the order appointing the JPLs and, therefore, cannot acknowledge or agree in what capacity they were purportedly appointed, including whether the JPLs were appointed as to White Rock or the JPLs were appointed "for White Rock [] with respect to the impacted Vesttoo Cells."

2

3.      4. The Without limiting the foregoing, White Rock and the JPLs shall not take any act action to obtain possession of property of these estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

4.      A final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023 at ___:___ __.m. (EDT).  Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before 11:00 a.m. (prevailing EDT) on August 29, 2023, and served on the following parties: (a) proposed counsel for the Debtors, DLA Piper LLP (US), 1201 N. Market Street, Suite 2100, Wilmington, Delaware 19801-1147 (Attn.: R. Craig Martin at craig.martin@us.dlapiper.com; Stuart M. Brown at stuart.brown@us.dlapiper.com; and Matthew S. Sarna at matthew.sarna@us.dlapiper.com); (b) proposed conflict counsel for the Debtors, Ballard Spahr LLP, 919 N. Market St. 11th Floor, Wilmington, Delaware, 19801 (Attn: Matthew G. Summers at summersm@ballardspahr.com; Laurel D. Roglen at roglenl@ballardspahr.com); (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy J. Fox, Jr. at timothy.fox@usdoj.gov); and (d) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.  In the event no Objections to entry of a Final Order on the Motion are timely received, this Court may enter such Final Order without a Final Hearing.  Neither the JPLs, White Rock, nor the Debtors may unilaterally seek adjournment of the Final Hearing, which adjournment may only occur upon joint application of the JPLs, White Rock, and the Debtors.

ACTIVE\1602417877.5

5. The Debtors, White Rock, the JPLs, and all other parties in interest reserve all rights and nothing contained herein shall waive any of the parties' rights with respect to the Motion and any objections thereto, all of which are expressly preserved.

6. The requirements of Bankruptcy Rule 6003(b) are satisfied.

7. The requirements of Bankruptcy Rule 6004(a) are waived.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective immediately and enforceable upon its entry.

9. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

ACTIVE\1602417877.5

Document comparison by Workshare Compare on Wednesday, August 23, 2023 10:32:39 AM

| Input: | |
|---|---|
| Document 1 ID | iManage://DMSFIRM/DMFIRM/408968733/1 |
| Description | #408968733v1<DMFIRM> - Vesttoo - Proposed Interim Stay Enforcement Order |
| Document 2 ID | file://C:\NRPortbl\DMFIRM\SUMMERSM\408974293_1.docx |
| Description | 408974293_1 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 37 |
| Deletions | 29 |
| Moved from | 1 |
| Moved to | 1 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 68 |