**EXHIBIT B**

**Redline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Jointly Administered)<br><br>**Related D.I. —11, 13** |

**INTERIM ORDER (I) AUTHORIZING THE CONTINUED USE OF THE DEBTORS' CASH MANAGEMENT SYSTEM, (II) MODIFYING REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE, AND (III) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of an Interim and Final Order (I) Authorizing the Continued Use of the Debtors' Cash Management System, (II) Modifying the Requirements of Section 345, and (III) Granting Related Relief* (the "Motion"),[2] filed by the Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), pursuant to sections 105(a), 345, and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing, but not directing, the Debtors to continue using their current Cash Management System, existing Bank Accounts, and Business Forms, including authorizing all Banks participating in the Cash Management System to honor certain transfers and charge Bank Fees and certain other amounts, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having found that (i)

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

ACTIVE\1602419110.1Active\1602419110.2

this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Interim Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis, as set forth in this Interim Order.

2. The Debtors are authorized, on an interim basis, to maintain and continue to use their Cash Management System as described in the Motion and to honor their prepetition obligations related thereto, including the Bank Fees.

3. The ~~Bank Accounts identified on the schedule attached to the Motion as **Exhibit D** are hereby deemed debtor-in-possession accounts, and the~~ Debtors are authorized to continue to use the Bank Accounts under existing account numbers without interruption; *provided*, *however*, that no checks or other debits issued against the Bank Accounts prior to the commencement of these chapter 11 cases shall be honored, except as otherwise set forth in this

Interim Order or as authorized by other or further order of this Court and as represented by the Debtors to such Banks.

4.  ~~Notwithstanding anything in~~Subject to the terms of this Interim Order ~~to the contrary~~, (a) all existing deposit and cash management agreements or arrangements between any of the Debtors and the Banks (including all other related agreements) shall continue to govern the postpetition deposit and cash management relationship between the Debtors and the Banks, and the provisions regarding termination, fee provisions, rights, benefits, offset rights, and remedies afforded under such agreements (including any provisions requiring the Debtors to reimburse a Bank for legal fees or expenses incurred by such Bank on account of these chapter 11 cases) shall remain in full force and effect, subject in all respects to the Bankruptcy Code and any applicable order of the Court, (b) the Debtors and the Banks may, without further order of this Court, agree to and implement non-material changes to the Cash Management System and procedures in the ordinary course of business and in accordance with the terms of the existing deposit and disbursement agreements and arrangements, and (c) in the course of providing cash management services to the Debtors, the Banks are authorized without further order of this Court to deduct from the appropriate accounts of the Debtors the Bank Fees, and further, to charge back to the appropriate accounts of the Debtors (or seek reimbursement from the Debtors of) any amounts resulting from Returned Items regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the Returned Items relate to prepetition or postpetition items or transfers.

5.  To the extent the Debtors' Money Market Investments are not compliant with Bankruptcy Code section 345, the requirements of Bankruptcy Code section 345(b) are hereby waived on an interim basis~~.  The~~ for a period 30-days, subject to Debtors' right to seek entry of

3

an order further extending such waiver or granting a waiver on a final basis.  For the avoidance of doubt, the U.S. Trustee's right to seek relief from this Court or oppose any requested extension or a waiver on a final basis is fully reserved.

6. Except for those checks, drafts, wires, or ACH Transfers that may be honored and paid in accordance with any order(s) of this Court authorizing payment of certain prepetition claims, and except as otherwise set forth in this Interim Order or as authorized by other or further order of this Court, no checks, drafts, wires, or ACH Transfers issued on the Debtors' existing Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

7. The Debtors are authorized, from and after the Petition Date on an interim basis, to continue to use their Cash Management System with respect to Intercompany Transfers, in accordance with the Debtors' customary business practices that existed prior to the Petition Date and except as otherwise provided in this Interim Order.  All net Intercompany Claims against a Debtor held by another Debtor arising from postpetition Intercompany Transfers, if any, shall be entitled to administrative expense priority pursuant to section 503(b)(1) of the Bankruptcy Code. For the avoidance of doubt, the Debtors are authorized to continue to send funds to another Debtor on an as-needed basis, to the extent consistent with historical practices.  Notwithstanding the foregoing, the Debtors shall not make any intercompany transfers to any non-Debtor affiliates or subsidiaries absent further Order of the Court.

8. The Debtors shall maintain accurate and detailed records of all transfers, including Intercompany Transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

9. The Banks shall not be liable to any party or otherwise deemed in violation of this Interim Order on account of: (a) following the Debtors' instructions, directions or representations as to any order of this Court, any prepetition check or other item; (b) honoring any prepetition check or item in a good-faith belief that the Court authorized such prepetition check or item to be honored; (c) a mistake made despite implementation of reasonable item-handling procedures; or (d) honoring any prepetition check or item presented postpetition but prior to the entry of this Interim Order.

10. The Banks are authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts which were cashed at the counter of Banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

11. For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Debtors shall as soon as possible (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case, and provide the case number.

12. For Banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors are granted a temporary 30-day waiver of section 345 of the Bankruptcy Code and the Operating Guidelines, subject to Debtors' right to seek entry of an order further extending such waiver or granting a waiver on a final basis. For the avoidance of doubt, nothing herein shall prejudice the U.S. Trustee's rights

to object to <ins>or oppose any requested extension or</ins> a full waiver of such requirements in a final order of this Court <del>or the Debtors' rights to seek such a waiver</del>.

13. The Debtors are authorized to open any new bank accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; *provided*, *however*, that the Debtors give notice within five (5) business days to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases; *provided*, *further*, however that the Debtors shall open any such new bank account at banks that have executed a Uniform Depository Agreement with the U.S. Trustee, or at such banks that are willing to immediately execute such an agreement.

14. The Debtors are authorized to continue to use their existing checks and other Business Forms, without alteration or change and without the designation "Debtor in Possession" or the lead case number imprinted upon them; *provided*, *however*, that, with respect to checks or other business forms which the Debtors or their agents print themselves, the Debtors, to the extent practicable, shall begin printing the "Debtor in Possession" legend, and include the lead case number, on such items within ten (10) business days of the date of entry of this Interim Order. However, if new checks and business forms are ordered, such checks and business forms shall be required to include the legend "Debtor in Possession" and the lead case number. To the extent applicable, third-party payroll and benefits administrators and providers are also authorized to prepare and issue checks on behalf of the Debtors, subject to the provisions of this paragraph.

15. The Debtors shall maintain accurate and detailed records of all transfers, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

16. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the actual disbursements of each Debtor.

17. The Debtors are hereby authorized to execute any additional documents and cooperate with the Banks as may reasonably be required to carry out the intent and purpose of this Interim Order.

18. The final hearing (the "Final Hearing") on the Motion shall be held on ~~————————~~ **September 25**, 2023 at ~~___:___ __.m~~**10:30 a.m.** (EDT). Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before **4:00 p.m. (prevailing EDT) on** ~~————————,~~**September 18,** 2023, and served on the following parties: (a) proposed counsel for the Debtors, DLA Piper LLP (US), 1201 N. Market Street, Suite 2100, Wilmington, Delaware 19801-1147 (Attn.: R. Craig Martin at craig.martin@us.dlapiper.com; Stuart M. Brown at stuart.brown@us.dlapiper.com; and Matthew S. Sarna at matthew.sarna@us.dlapiper.com); (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy J. Fox, Jr. at timothy.fox@usdoj.gov); (c) the Banks; and (d) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases. In the event no Objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without a Final Hearing.

19. The requirements of Bankruptcy Rule 6003(b) are satisfied.

20. The requirements of Bankruptcy Rule 6004(a) are waived.

21. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Interim Order shall be effective immediately and enforceable upon its entry.

22. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Interim Order.

23. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Interim Order.

ACTIVE\1602419110.1Active\1602419110.2

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.2.0.54 Document comparison done on 8/23/2023 3:10:41 PM** | |
| **Style name:** DLAPiper | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://cloudimanage.com/ACTIVE/1602419110/1 | |
| **Modified DMS:** iw://cloudimanage.com/ACTIVE/1602419110/2 | |
| **Changes:** | |
| Add | 13 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 25 |