## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Related D.I. 7 & 39** |

## ORDER ENFORCING SECTIONS 362, 365(e)(1), 525
## AND 541 OF THE BANKRUPTCY CODE

Upon the motion (the "Motion")[2] of Vesttoo Ltd. and its affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order"), (a) enforcing and restating the worldwide automatic stay, ipso facto and antidiscrimination provisions under the Bankruptcy Code, (b) approving the Notice and (c) granting certain related relief; and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 Cases and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1]     Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

Delaware, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion having been withdrawn, resolved or overruled on the merits; and a hearing having been held to consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth in this Order.

2.      Pursuant to section 362 of the Bankruptcy Code, all persons or entities (including individuals, partnerships, corporations, and all those acting for or on their behalf) all governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any non-U.S. jurisdiction (including any division, department, agency, instrumentality or service thereof, and all those acting on their behalf), are stayed, restrained and enjoined from:

(a)     commencing or continuing any judicial, administrative, or other action or proceeding (including, but not limited to, any bankruptcy, liquidation, suspension of payments, the issuance or enforcement of process or any and all other similar proceedings) against the Debtors that was or could have been initiated before the Debtors' Chapter 11 Cases commenced, or to collect, enforce, or recover a claim against the Debtors that arose before the Chapter 11 Cases commenced;

(b)     enforcing, against the Debtors or property of the estates, a judgment or order obtained before the commencement of these Chapter 11 Cases;

(c)     taking any action to obtain possession of property of the estates or of property from the estates or to exercise control over property of the estates;

(d)     taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

(e)     taking any action to create, perfect or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 Cases;

(f)     taking any action to collect, assess or recover a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

(g)     offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors; and

(h)     commencing or continuing a proceeding before the United States Tax Court concerning a tax liability of the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

3.      Subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, all persons or entities and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables, and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors and the Debtors' estates, wherever located.

4.      Courts of competent jurisdiction, including this Court, may request in the relevant jurisdictions the enforcement and recognition of these Chapter 11 Cases, including, but not limited to, application of the worldwide automatic stay and all other orders entered in these Chapter 11 Cases.

5.      Pursuant to sections 362 and section 365(e)(1) of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental units (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right

or obligation under such contract or lease, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on:

(a)     the insolvency or financial condition of the debtor at any time before the closing of these Chapter 11 Cases;

(b)     the commencement of these Chapter 11 Cases; or

(c)     the appointment of a trustee in these Chapter 11 Cases.

6.      Pursuant to section 365(e)(2) of the Bankruptcy Code, the above restrictions do not apply to an executory contract or unexpired lease of the Debtors, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties, if—

(a)     (i) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to the Debtors or to an assignee of such contract or lease, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (ii) such party does not consent to such assumption or assignment; or

(b)     such contract is a contract to make a loan, or extend other debt financing or financial accommodations, to or for the benefit of the debtor, or to issue a security of the debtor.

7.      Pursuant to section 362(b)(4) of the Bankruptcy Code, the filing of a bankruptcy petition does not operate as a stay as to, among the other exceptions set forth in section 362(b) of the Bankruptcy Code, the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's police or regulatory power.

8.      This Order shall not affect (a) the substantive rights of any party or the availability of any of the exceptions contained in sections 362(b) and 365(e) of the Bankruptcy Code or (b) the right of any party-in-interest to seek in the Bankruptcy Court relief from the worldwide

automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

9.      Pursuant to section 525 of the Bankruptcy Code, all foreign and domestic governmental units are prohibited and enjoined from (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to, (b) placing conditions upon such a grant to or (c) discriminating with respect to such a grant against any of the Debtors (or another person with whom any of the Debtors has been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during these Chapter 11 Cases.

10.      The form of Notice, substantially in the form attached to this Order as **<u>Exhibit 1</u>**, is approved. The Debtors are authorized, but not directed, to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located.

11.      The Debtors are authorized, but not directed, to translate this Motion, the Order and the Notice.

12.      Nothing in this Order is intended to, or shall, alter the effect of any provision of the Bankruptcy Code, including, without limitation 11 U.S.C. §§ 362, 365, 525, 555, 556, 560 and 561.

13.    The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

14.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation of this Order.

**Dated: August 24th, 2023**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**

6