IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> VESTTOO LTD., *et al.*[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11160 (MFW) <br><br> (Jointly Administered) <br><br> **Related D.I. 6 & 40** |

**ORDER (I) AUTHORIZING THE DEBTORS TO REDACT OR WITHHOLD
PUBLICATION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION,
(II) LIMITING CERTAIN EQUITY SECURITY HOLDINGS DISCLOSURES,
AND (III) GRANTING RELATED RELIEF**

Upon the *Motion of the Debtors for Entry of an Order Authorizing the Debtors to (I) Redact or Withhold Publication of Certain Personally Identifiable Information, (II) Limiting Certain Equity Security Holdings Disclosures, and (III) Granting Related Relief* (the "Motion"),[2] filed by the above-captioned debtors (collectively, the "Debtors") for entry of an order authorizing the Debtors to (i) redact or withhold publication of certain personally identifiable information, (ii) limiting the application of Bankruptcy Rule 1007(a)(3) with respect to the Equity List of Vesttoo US Inc., and (iii) granting related relief, all as further described in the Motion; and upon consideration of the *Declaration of Ami Barlev in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"); and this Court having found that (i) this Court has jurisdiction over the Debtors and their estates, and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this Court

---

[1] Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

may enter a final order consistent with article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtors' notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth in this Order.

2. The Debtors are authorized to redact those portions of the Creditor Matrix and any other documents filed with the Court that contain the personally identifiable information of all current and former employees and individual equity holders of the Debtor. The unredacted version of the Creditor Matrix or any other document filed with the Court containing such information shall not made available, except that copies shall be provided to this Court, the Office of the United States Trustee for Region 3 (the "U.S. Trustee"), and others upon further Court order.

3. Each party receiving an unredacted version of the Creditor Matrix shall keep such information confidential. To the extent any party provided with an unredacted version of the Creditor Matrix files any responsive pleadings, such party shall redact from its pleadings any

confidential or personally identifiable information of all current and former employees and individual equity holders of the Debtor.

4. The claims and noticing agent in these chapter 11 cases shall maintain a separate, confidential mailing list for service to the Debtors' current and former employees at their respective residences for the benefit of all parties in interest desiring to serve the Debtors' current and former employees and individuals that are equity holders with pleadings or notices in these chapter 11 cases, and shall serve the Debtors' current and former employees and individual equity holders with such pleadings or notices on behalf of all parties in interest.

5. The disclosure obligations imposed by Bankruptcy Rule 1007(a)(3) are limited to only the holders of 5% or more of the common stock in Vesttoo Ltd.

6. The Debtors shall provide Vesttoo Ltd.'s equity security holders with notice as required by the Bankruptcy Code through the records maintained by the Debtors' transfer agent and relevant securities depositories, including their nominees, brokers or other agents, as appropriate.

7. The Debtors shall provide an unredacted version of any filings redacted pursuant to this Order to (i) the Court, (ii) the U.S. Trustee, and (iii) any party in interest upon request to the Debtors (email to counsel is sufficient) or to the Court that is reasonably related to these chapter 11 cases; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

8. Nothing in this Order precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Order.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), if applicable, and the Local Rules are satisfied by such notice.

10. Notwithstanding any Bankruptcy Rule or Local Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

12. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

13. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 24th, 2023  
Wilmington, Delaware

**MARY F. WALRATH**  
**UNITED STATES BANKRUPTCY JUDGE**