IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Jointly Administered)<br><br>**Related D.I. 15** |

**INTERIM ORDER REGARDING THE DEBTORS' MOTION FOR
AN ORDER ENFORCING THE AUTOMATIC STAY AGAINST (I) WHITE ROCK
INSURANCE (SAC) LTD. AND (II) THE PUTATIVE JOINT PROVISIONAL
LIQUIDATORS OF THE DEBTORS' SEGREGATED ACCOUNTS
AND ADJOURNING THE HEARING THEREON**

Upon consideration of the *Motion for an Order Enforcing the Automatic Stay Against (I) White Rock Insurance (SAC) Ltd. and (II) the Putative Joint Provisional Liquidators of the Debtors' Segregated Accounts* (the "Motion"),[2] filed by Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and the consent of White Rock Insurance (SAC) Ltd. ("**White Rock**") and Charles Thresh and Michael Morrison, the Joint Provisional Liquidators (the "**JPLs**"),[3] to the entry of this Interim Order;

**IT IS HEREBY ORDERED THAT:**

1. White Rock and the JPLs shall not take any action that violates the automatic stay applicable to the Debtors' bankruptcy cases without first obtaining further relief from this Court.

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3 The Debtors have not seen the order appointing the JPLs and, therefore, cannot acknowledge or agree in what capacity they were purportedly appointed, including whether the JPLs were appointed as to White Rock or the JPLs were appointed "for White Rock [] with respect to the impacted Vesttoo Cells."

2. White Rock and the JPLs agree to conduct themselves as if the automatic stay applies to the Segregated Accounts and the property within the Segregated Accounts absent further order of this Court.

3. Without limiting the foregoing, White Rock and the JPLs shall not take any action to obtain possession of property of these estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

4. A final hearing (the "Final Hearing") on the Motion shall be held on August 31, 2023 at 10:30 a.m. (EDT). Any objections or responses to entry of a final order on the Motion (each, an "Objection") shall be filed on or before 11:00 a.m. (prevailing EDT) on August 29, 2023, and served on the following parties: (a) proposed counsel for the Debtors, DLA Piper LLP (US), 1201 N. Market Street, Suite 2100, Wilmington, Delaware 19801-1147 (Attn.: R. Craig Martin at craig.martin@us.dlapiper.com; Stuart M. Brown at stuart.brown@us.dlapiper.com; and Matthew S. Sarna at matthew.sarna@us.dlapiper.com); (b) proposed conflict counsel for the Debtors, Ballard Spahr LLP, 919 N. Market St. 11th Floor, Wilmington, Delaware, 19801 (Attn: Matthew G. Summers at summersm@ballardspahr.com; Laurel D. Roglen at roglenl@ballardspahr.com); (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, Delaware 19801 (Attn.: Timothy J. Fox, Jr. at timothy.fox@usdoj.gov); and (d) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases. In the event no Objections to entry of a Final Order on the Motion are timely received, this Court may enter such Final Order without a Final Hearing. Neither the JPLs, White Rock, nor the Debtors may unilaterally seek adjournment of the Final Hearing, which adjournment may only occur upon joint application of the JPLs, White Rock, and the Debtors.

5. The Debtors, White Rock, the JPLs, and all other parties in interest reserve all rights and nothing contained herein shall waive any of the parties' rights with respect to the Motion and any objections thereto, all of which are expressly preserved.

6. The requirements of Bankruptcy Rule 6003(b) are satisfied.

7. The requirements of Bankruptcy Rule 6004(a) are waived.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective immediately and enforceable upon its entry.

9. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 24th, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE