IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Jointly Administered)<br><br>Related D.I. 15 |

**SECOND INTERIM ORDER (I) REGARDNIG THE DEBTORS' MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY, (II) FURTHER ADJOURNING THE HEARING ON THE DEBTORS' MOTION FOR AN ORDER ENFORCING THE AUTOMATIC STAY, (III) SCHEDULING A HEARING ON THE DEBTORS' MOTION FOR FINDING OF CONTEMPT, AND (IV) SCHEDULING THE HEARING ON THE JOINT PROVISIONAL LIQUIDATORS <u>REQUEST FOR PROVISIONAL RELIEF</u>**

Upon consideration of the *Motion for an Order Enforcing the Automatic Stay Against (I) White Rock Insurance (SAC) Ltd. and (II) the Putative Joint Provisional Liquidators of the Debtors' Segregated Accounts* (the "**Motion to Enforce**")[2] filed by Vesttoo Ltd. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), the *Motion for an Order Finding (I) White Rock Insurance (SAC) Ltd. and (II) the Putative Joint Provisional Liquidators in Contempt of the Interim Order Regarding the Motion to Enforce* (the "**Contempt Motion**") filed by the Debtors, the *Opposition to the Motion to Enforce* filed by White Rock Insurance (SAC) Ltd. ("**White Rock**"), and the *Motion for Provisional Relief Pursuant to Bankruptcy Code Sections 105(a), 362, 1519, and 1521 and Bankruptcy Rule 2004* (the "**Provisional Relief Motion**") filed by Charles Thresh and Michael Morrison, the Joint

---

[1]   Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion to Enforce.

Provisional Liquidators (the "**JPLs**") in the Chapter 15 case commenced by the JPLs on August 28, 2023, Case No. 23-11349 (the "**Chapter 15 Case**") and the consent of the Debtors, White Rock, and JPLs to the entry of this Interim Order; and this Court having previously entered an Interim Order Regarding the Debtors' Motion to Enforce;

**IT IS HEREBY ORDERED THAT:**

1. White Rock and the JPLs shall not take any action that violates the automatic stay applicable to these Debtors' bankruptcy estates without further relief from this Court modifying the automatic stay, notwithstanding any provision in that certain Order of the Supreme Court of Bermuda Commercial Court In the Matter of White Rock Insurance (SAC) Limited, et seq. 2023 No. 261 dated August 18, 2023 (the "**JPL Order**").

2. White Rock and the JPLs agree to conduct themselves as if the automatic stay applies to the Segregated Accounts and the property within the Segregated Accounts absent further order of this Court.

3. White Rock and the JPLs shall not take any action to obtain possession of property of these estates or of property from the Debtors' estates or to exercise control over property of the Debtors' estates.

4. White Rock and the JPLs shall take no further action in the Chapter 15 Case, including discovery, pending a hearing on, and adjudication of, the Provisional Relief Motion. The Parties agree that no discovery shall take place with respect to any pending contested matter in this case except with respect to (1) the Contempt Motion and (2) any new or amended

declaration filed with respect to the Motion to Enforce, and in that case, only with respect to any new testimony.

5. The Provisional Relief Motion (and any objections thereto) shall be heard contemporaneously with the hearing on the Motion to Enforce and the Contempt Motion at the date and time set forth below.

6. A final hearing on the JPL's petition for recognition in the Chapter 15 case shall not occur until a date and time after this Court has entered a final order resolving the Motion to Enforce, Contempt Motion, and Provisional Relief Motion.

7. The parties shall confer in good faith regarding a consensual resolution of the Motion to Enforce, the Contempt Motion, and the Provisional Relief Motion. In the event that the parties are unable to agree on a resolution, a hearing (the "**Hearing**") on the Motion to Enforce, the Contempt Motion, and the Provisional Relief Motion shall be held on September 12, 2023 at 10:30 a.m. (EDT). Any objections or responses to the Contempt Motion or the Provisional Relief Motion shall be filed on or before 4:00 p.m. (prevailing EDT) on September 6, 2023, and served on the following parties: (a) proposed counsel for the Debtors, DLA Piper LLP (US), 1201 N. Market Street, Suite 2100, Wilmington, Delaware 19801-1147 (Attn.: R. Craig Martin at craig.martin@us.dlapiper.com; Stuart M. Brown at stuart.brown@us.dlapiper.com; and Matthew S. Sarna at matthew.sarna@us.dlapiper.com); (b) proposed conflict counsel for the Debtors, Ballard Spahr LLP, 919 N. Market St. 11th Floor, Wilmington, Delaware, 19801 (Attn: Matthew G. Summers at summersm@ballardspahr.com; Laurel D. Roglen at roglenl@ballardspahr.com); (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox

35, Wilmington, Delaware 19801 (Attn.: Timothy J. Fox, Jr. at timothy.fox@usdoj.gov); and (d) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.

8. The Debtors, White Rock, and the JPLs reserve all rights and nothing contained herein shall waive any of the parties' rights with respect to the Motion to Enforce, Contempt Motion, and Provisional Relief Motion, and any objections thereto, all of which are expressly preserved.

9. The requirements of Bankruptcy Rule 6003(b) are satisfied.

10. The requirements of Bankruptcy Rule 6004(a) are waived.

11. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective immediately and enforceable upon its entry.

12. The Debtors are hereby authorized to take all actions they deem necessary to effectuate the relief granted in this Order.

13. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 31st, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE