**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: September 18, 2023, at 4:00 p.m. (ET)**<br>**Hearing: September 25, 2023, at 10:30 a.m. (ET)** |

**MOTION OF THE DEBTORS FOR ENTRY OF
AN ORDER (I) EXTENDING THE TIME TO FILE
SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS
OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

Vesttoo Ltd. and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code") (i) extending the deadline by which the Debtors must file their respective schedules of assets and liabilities (collectively, the "Schedules") and statements of financial affairs (collectively, the "Statements") and (ii) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Amended and Restated Declaration of Ami Barlev in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 27] (the "First Day Declaration"),[2] and respectfully state as follows:

---

[1]    Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these Chapter 11 cases, the Debtors, property of the Debtors' estates, and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Rules 1007(c) and 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-1(b), 9006-1, and 9006-2.

## BACKGROUND

5.      On August 14 and 15, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.

6.      The Debtors remain in possession of their property, continue to operate their businesses, and manage their property as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On August 31, 2023, the Office of the United States Trustee, Region 3 (the "U.S. Trustee"), appointed the official committee of unsecured creditors [D.I. 95].  As of the date hereof, no trustee or examiner has been appointed.

8.      The Debtors have over 200 creditors, and the meeting of creditors under section 341 of the Bankruptcy Code is scheduled for September 18, 2023, at 9:30 a.m. (ET).

9.      Additional factual background regarding the Debtors, including their business operations, capital and debt structures, and the events leading to the filing of these Chapter 11 cases, is set forth in the First Day Declaration, which is incorporated in this Motion by reference.

## RELIEF REQUESTED

10.     By this Motion, the Debtors seek entry of the Proposed Order, (i) extending the deadline by which the Debtors must file their respective Schedules and Statements to October 16, 2023, which is sixty-two (62) days from the Petition Date, without prejudice to the Debtors' ability to request further extensions of such deadline, and (ii) granting related relief.

## BASIS FOR RELIEF

**A.      Cause exists to extend the deadline to file the Schedules and Statements.**

11.     Section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b) require a debtor to file a list of its creditors, a schedule of assets and liabilities, and a statement of the debtor's financial affairs.  *See* 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(b).  Bankruptcy Rule 1007 further requires that a debtor file schedules and statements "with the petition or within fourteen (14) days thereafter."  However, "[a]ny extension of time [for the filing] of schedules [and] statements" may be granted "on motion for cause shown."  Fed. R. Bankr. P. 1007(c).  Further, Bankruptcy Rule 9006(b) provides that "when an act is required or allowed to be done at or within

a specified period . . . the court for cause shown may at any time in its discretion . . . order the period enlarged."  Fed. R. Bankr. P. 9006(b).

12.      Local Rule 1007-1(b) provides that:

> In a voluntary chapter 11 case, if the bankruptcy petition is accompanied by a list of all the debtor's creditors … and if the total number of creditors in the debtor's case (or, in the case of jointly administered cases, the debtors' cases) exceeds 200, the time within which the debtor shall file its Schedules and Statement of Financial Affairs required under the Fed. R. Bankr. P. shall be extended to twenty-eight (28) days from the petition date.

13.      Extensions for cause merely require that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice to the adverse party."  *See Bryant v. Smith,* 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (citations omitted).

14.      Further, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).

15.      The Debtors respectfully submit that cause exists to extend the Debtors time to file the Schedules and Statements.  In order to prepare the Schedules and Statements, the Debtors and their professionals must gather, review, assemble, and interpret information from the Debtors' books, records, and documents related to claims against the Debtors, as well as the Debtors' assets and contracts.  As such, collecting the information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the Debtors and their advisors.

16.      While the Debtors' management team and professionals are working diligently and expeditiously to prepare the Schedules and Statements, the Debtors' limited resources have, up until this point, been focused on the commencement of these chapter 11 cases and related issues,

4

the investigation and related stay enforcement litigation and other matters requiring immediate attention. The Debtors' ability to focus on critical operational issues at this early stage of the chapter 11 cases will allow the Debtors to successfully transition into chapter 11 and will in turn maximize the value of the estate.

17.     The relief requested in this Motion should not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' businesses and financial affairs.

18.     In light of the amount of time and work required to complete the Schedules and Statements, as well as the substantial burdens already imposed on the Debtors, their management team, and their advisors by the commencement of these chapter 11 cases, the Debtors believe that the time provided under the Local Rules in which the Debtors must file the Schedules and Statements may not be sufficient. Accordingly, the Debtors respectfully submit that "cause" exists to extend the deadline to file the Schedules and Statements.

19.     Recognizing the importance of the Schedules and Statements in these chapter 11 cases, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances. At this juncture, the Debtors estimate that an extension of sixty-two (62) days from the Petition Date will provide sufficient time to prepare and file the Schedules and Statements. The Debtors thus request that the Court establish October 16, 2023, as the deadline to file Schedules and Statements (the "Deadline"), without prejudice to the Debtors' ability to seek further extensions from the Court.

20.     Courts in this District have granted the relief requested in this Motion under similar circumstances. *See, e.g.*, *Sequential Brands Group, Inc.*, Case No. 21-11194 (JTD) [D.I. 106] (Bankr. D. Del. Sept. 20, 2021) (extending the deadline to files schedules and statements for forty-

eight (48) days from the petition date); *In re Comcar Industries, Inc.*, Case No. 20-11120 (LSS) [D.I. 287] (Bankr. D. Del. June 19, 2020) (extending the deadline to file schedules and statements for sixty (60) days from the petition date); *In re Fred's Inc.*, Case No. 19-11984 (CSS) [D.I. 53] (Bankr. D. Del. Sept. 10, 2019) (extending the deadline to file schedules and statements for fifty-six (56) days); *In re THG Holdings LLC*, Case No. 19-11689 (JTD) [D.I. 190] (Bankr. D. Del. Aug. 26, 2019) (extending the deadline to file schedules and statements for a total of forty-five (45) days where debtors filed a motion to sell all or substantially all of their assets under section 363 of the Bankruptcy Code on the petition date).[3]

## NOTICE

21.    Notice of this Motion will be provided to: (a) White Rock and its counsel; (b) the JPLs and their counsel; (c) the Office of the United States Trustee for Region 3 (Attn: Timothy Fox, Esq. (Timothy.Fox@usdoj.gov)); (d) the Office of the United States Attorney for the District of Delaware; (e) each of the parties included on the Debtors' consolidated top 30 creditors list; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that such notice is sufficient and no other or further notice of this Motion is required.

*[Remainder of Page Intentionally Left Blank]*

---

[3]    The referenced orders are voluminous and, therefore, are not attached to this Motion; however, in accordance with Local Rule 7007-2(a)(vii), the Debtors' proposed counsel has copies of each order and will make them available to this Court or to any party that requests them.  Additionally, the orders are available on this Court's CM/ECF PACER site at the cited docket numbers and on the dates specified above.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed

Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this

Motion, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: September 8, 2023  
      Wilmington, Delaware

**DLA PIPER LLP (US)**

<u>*/s/ Stuart M. Brown*</u>  
R. Craig Martin (DE 5032)  
Stuart M. Brown (DE 4050)  
Matthew Sarna (DE 6578)  
1201 N. Market Street, Suite 2100  
Wilmington, Delaware 19801  
Telephone: (302) 468-5700  
Facsimile: (302) 394-2341  
Email: craig.martin@us.dlapiper.com  
       stuart.brown@us.dlapiper.com  
       matthew.sarna@us.dlapiper.com

-and-

Richard A. Chesley (admitted *pro hac vice*)  
444 West Lake Street, Suite 900  
Chicago, Illinois 666  
Telephone: (312) 368-4000  
Facsimile: (312) 236-7516  
Email: richard.chesley@us.dlapiper.com

*Proposed Counsel for the Debtors*