IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VESTTOO LTD., *et al.*[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 23-11160 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: October 18, 2023, at 4:00 p.m. (ET)**<br>**Hearing Date: October 25, 2023 at 10:30 a.m. (ET)** |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASE EFFECTIVE AS OF THE
DATES SPECIFIED HEREIN, (II) ABANDON ANY REMAINING PROPERTY
LOCATED AT PREMISES AND (III) GRANTING CERTAIN RELATED RELIEF**

> **THIS MOTION SEEKS TO, AMONG OTHER THINGS,
> REJECT CERTAIN CONTRACTS AND UNEXPIRED
> LEASES. PARTIES RECEIVING THIS MOTION SHOULD
> LOCATE THEIR NAMES AND THEIR CONTRACTS AND
> LEASES LISTED ON SCHEDULE 1, ATTACHED HERETO.**

Vesttoo, Ltd. and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), by and through their proposed counsel, DLA Piper LLP (US), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) authorizing the Debtors to reject certain executory contracts (the "Rejected Contracts") and unexpired leases of non-residential real property (the "Rejected Lease," and, together with the Rejected Contracts, the "Rejected Contracts and Lease") listed on **Schedule 1** attached to the Proposed Order effective *nunc pro tunc* to the Petition Date

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

(as defined below) or such other date specified on Schedule 1 (ii) abandon any remaining property located at the premises of the Rejected Lease, and (iii) granting related relief. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over these chapter 11 cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012 (Sleet, C.J.). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

2. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final judgment or order with respect to this Amended Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with article III of the United States Constitution.

3. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are sections 105(a) and 365(a) and 544(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006, 6007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On August 14 and 15, 2023 (the "Petition Date"), each Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases. The Debtors remain in possession of their property, continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, no trustee or examiner or has been appointed. On August

31, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in these chapter 11 cases [D.I. 95].

6. Additional factual background regarding the Debtors, including their business operations, capital and debt structures and the events leading to the filing of these chapter 11 cases, is set forth in the *Amended and Restated Declaration of Ami Barlev in Support of Chapter 11 Petitions and First Day Pleadings* [D.I 27] the ("First Day Declaration"), which is incorporated herein by reference.

A. **Contracts and Lease to Be Rejected**

7. The Debtors seek to reject the Rejected Contracts and Lease because the Debtors have determined in their business judgment that the Rejected Contracts and Lease do not provide any value to their estates and are burdensome to the estates after the effective date of rejection.

8. Since the commencement of these chapter 11 cases, the Debtors and their advisors have worked diligently to review the Debtors' executory contracts and unexpired leases with an eye toward right-sizing their contractual and lease obligations to reduce the administrative burden on the their estates. As part of this process, the Debtors, along with their advisors, have undertaken extensive review of their executory contracts and unexpired leases of real property, including the ongoing cost of the contracts and leases and the effect on their chapter 11 objectives.

9. The Debtors have determined in their business judgment that the costs incurred under the Rejected Contracts and Lease constitute an unnecessary drain on the Debtors' limited resources and/or more cost-efficient alternatives exist. In considering their options, the Debtors, with the assistance of their advisors, evaluated the necessity and cost efficiency of the Rejected Contracts and Lease.

10. To that end, the Debtors seek to reject the Rejected Contracts, which primarily consist of software subscription agreements that the Debtors have determined are no longer needed

in connection with their business. In addition, the Debtors seek to reject the Lease, which consists of office space for its U.S. office in New York, which the Debtors no longer require on a postpetition basis. Further, the Debtors have already begun the process of vacating the premises and removing all property and intend to vacate no later than September 30, 2023.

11. In an effort to reduce postpetition administrative costs and in the exercise of the Debtors' business judgment, the Debtors believe that the rejection of the Rejected Contracts and Lease, as set forth on Schedule 1, is in the best interests of the Debtors, their estates, and all parties in interest.

### RELIEF REQUESTED

12. Pursuant to sections 105(a), 365(a), and 544(a) of the Bankruptcy Code and Bankruptcy Rules 6006, 6007 and 9014, the Debtors request entry of the Proposed Order (i) authorizing the Debtors to reject the Rejected Contracts and Lease listed on **Schedule 1** effective as of the Petition Date or the date specified, (ii) abandon any remaining property located at the premises of the Rejected Lease, and (iii) granting related relief.

### BASIS FOR RELIEF

**A.    Rejection of the Rejected Contracts and Lease Is a Sound Business Decision**

13. Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See also Univ. Med. Cent. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989); *see also Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (stating that section 365 of the

Bankruptcy Code "allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed" (citation omitted)).

14. A debtor's rejection of executory contracts is governed by the business judgment standard. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); *see also, e.g.*, *In re Sharon Steel Corp.*, 872 F.2d at 39 (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 845-46 (Bankr. W.D. Pa. 1987)) (requiring a "finding that the rejection would benefit the estate."); *In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009) ("A debtor's decision to assume or reject an executory contract is a matter within the 'business judgment' of the debtor."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim, or caprice. *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001).

15. Rejection is generally considered a sound business decision if it benefits the estate. *In re Sharon Steel Corp.*, 872 F.2d at 39; *cf. In re Taylor*, 103 B.R. 511, 517 (Bankr. D.N.J. 1989) ("The only test employed to aid in judicial review of the trustee's decision to reject is that rejection of the contract benefit the estate."). Thus, upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and other parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (Bankr. D. Del. 2003). Further, "[s]ection 365 enables the trustee to maximize the value of the debtor's estate by assuming executory contracts and unexpired leases that benefit the estate and rejecting those that do not." *L.R.S.C. Co. v. Rickel Home Centers, Inc. (In re Rickel Home Centers, Inc.)*, 209 F.3d

291, 298 (3d Cir. 2000). Courts generally do not "interfere with or second-guess the debtor's sound business judgment unless and until evidence is presented that establishes that the debtor's decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849.

16.  Here, in the exercise of their sound and considered business judgment, the Debtors have determined that rejecting the Rejected Contracts and Lease is in the best interests of their estates. Under the current circumstances, the Debtors no longer require the services or goods provided under the Rejected Contracts and no longer intend to use the premises associated with the Rejected Lease. Thus, the burdens associated with the Rejected Contracts and Lease substantially outweigh the benefits, if any, to the Debtors' estates and the Debtors' continued performance under the Rejected Contracts and Lease would perpetuate an unnecessary depletion of the Debtors' extremely limited liquidity. For all of these reasons, the Court should authorize rejection of the Rejected Contracts and Lease.

**B.    Abandonment of Any Remaining Property Located at Premises of the Rejected Lease**

17.  Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *See also Hanover Ins. Co. v. Tyco Indus., Inc.*, 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim."). A debtor need only show that their decision to abandon any property reflects the exercise of their business judgment. *See, e.g., In re Contract Research Sols., Inc.*, Case No. 12-11004, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon."). The right to abandon property is unfettered unless (a) abandonment of the property will contravene laws designed to protect public health and

safety, or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations are relevant under the present facts.

18. While the Debtors do not believe there will be any personal property remaining at the premises of the Rejected Lease at the date the rejection is effective, out of an abundance of caution the Debtors are seeking authority to abandon any such property. Moreover, insofar as section 362(a) of the Bankruptcy Code operates as a limitation for any counterparty to take possession of equipment located on such premises, the Debtors request a limited waiver of the automatic stay solely for the purpose of facilitating the removal of such property in an orderly, time-efficient manner. Given that any remaining personal property would be of inconsequential value, abandonment is appropriate in the Debtors' business judgment. Accordingly, the Debtors submit that, to the extent there is any remaining personal property, abandoning such property is in the best interests of the Debtors and their estates, and request that any remaining personal property be deemed abandoned pursuant to section 554, and, if applicable, section 362, of the Bankruptcy Code.

**C.  Rejection of the Rejected Contracts Effective *Nunc Pro Tunc* to the Petition Date and the Rejected Lease *Nunc Pro Tunc* to September 30, 2023 Is Appropriate under the Facts and Circumstances.**

19. The Debtors also respectfully submit that authorizing rejection of the Rejected Contracts *nunc pro tunc* to the Petition Date is warranted under the facts and circumstances of these cases. While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts in this and other districts have held that rejection may be approved retroactively to a date prior to entry of the order authorizing rejection. *See Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.)*, 409 B.R. 720, 734 (Bankr. D. Del. 2009) (providing that a bankruptcy court may enter a rejection order with

an effective date earlier than the date the order is entered); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02-civ-6419, 2002 WL 31548723, at *2-3 (S.D.N.Y. Nov. 15, 2002) (finding that bankruptcy courts' equitable powers allow for retroactive rejection date of executory contracts when favored by "balance of equities").  Further, as noted above, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

20. With respect to the Rejected Contracts, rejection *nunc pro tunc* is warranted because the Debtors have ceased using those services since the Petition Date.  With respect to the Rejected Lease, the Debtors will vacate the premises by September 30, 2023.  Accordingly, retroactive rejection of the Rejected Contracts and the Rejected Lease is appropriate.

### **COMPLIANCE WITH BANKRUPTCY RULE 6006(f)**

21. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple contracts and unexpired leases that are not between the same parties.  Bankruptcy Rule 6006(f) states, in part, that such a motion shall:

    (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    (2) list parties alphabetically and identify the corresponding contract or lease;

    (3) specify the terms, including the curing of defaults, for each requested assumption or assignment;

    (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

  (6) be limited to no more than 100 executory contracts or unexpired leases.

For the reasons set forth herein, the requested relief complies with the requirements of Bankruptcy Rule 6006(f).

## REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

  22. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h). As explained above, the relief requested in this Motion is necessary to avoid accrual of unnecessary administrative expenses for contracts that the Debtors will no longer use. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## RESERVATION OF RIGHTS

  23. Nothing contained in this Motion is intended to or shall: (a) be deemed or construed as an admission as to the amount of, basis for, of validity or priority of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates to dispute the amount of, basis for, nature, validity or priority of any claim against the Debtors on any grounds whatsoever; (c) impair, prejudice, waive or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action which may exist against any third party; (d) other than as set forth herein and on **Schedule 1** attached hereto, be construed as an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between any Debtor and any third party under section 365 of the Bankruptcy Code; (e) be deemed or construed as a promise or requirement to pay any claim; (f) an implication or admission that any particular claim is of a type specified or defined herein or any order granting the relief requested

herein or a finding that any particular claim is an administrative expense claim or other priority claim; (g) other than as set forth herein, a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; and (i) otherwise create any rights in favor of, or enhance the status or nature of any claim held by, any person. The Debtors further reserve the right to assume, assign, or reject other executory contracts or unexpired leases and to abandon other property of the estate pursuant to separate motion of the Court, and nothing herein shall be deemed to affect those rights. In addition, the Debtors reserve the right to remove any of the Rejected Contracts and Lease from **Schedule 1** until the entry of the Proposed Order on this Motion.

## NOTICE

24. Notice of this Motion will be provided in accordance with the Local Rules to: (i) the Office of the United States Trustee for Region 3 (Attn: Timothy Fox, Esq. (Timothy.Fox@usdoj.gov)); (ii) the Office of the United States Attorney for the District of Delaware; (iii) counsel to the Official Committee of Unsecured Creditors; (iv) the non-Debtor counterparties to the Rejected Contracts and Lease listed on **Schedule 1**; and (v) parties entitled to notice in accordance with Bankruptcy Rule 2002. The Debtors respectfully submit that no other or further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the requested relief in this Motion, and (ii) grant such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: September 29, 2023<br>Wilmington, Delaware | **DLA PIPER LLP (US)**<br><br>/s/ *R. Craig Martin*<br>R. Craig Martin (DE 5032)<br>Stuart M. Brown (DE 4050)<br>Matthew Sarna (DE 6578)<br>1201 N. Market Street, Suite 2100<br>Wilmington, Delaware 19801<br>Telephone: (302) 468-5700<br>Facsimile: (302) 394-2341<br>Email: craig.martin@us.dlapiper.com<br>　　　stuart.brown@us.dlapiper.com<br>　　　matthew.sarna@us.dlapiper.com<br><br>-and-<br><br>Richard A. Chesley (admitted pro hac vice)<br>444 West Lake Street, Suite 900<br>Chicago, Illinois 666<br>Telephone: (312) 368-4000<br>Facsimile: (312) 236-7516<br>Email:  richard.chesley@us.dlapiper.com<br><br>*Proposed Counsel for the Debtors* |