UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re*:<br><br>Vesttoo Ltd., *et al.*,[1]<br><br>Debtors. | ) <br>) Chapter 11<br>) <br>) Case No. 23-11160 (MFW)<br>) <br>) (Jointly Administered).<br>) <br>) **Ref. Docket No. 132** |

# ORDER GRANTING MOTION OF THE
# OFFICIAL COMMITTEE OF UNSECURED CREDITORS
# FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO
# RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Leave to Conduct Discovery Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* ("**Motion**")[2] [Docket No. 132] and having determined that this Court has jurisdiction to enter this Order in accordance with 28 U.S.C. §§ 157 and 1334, that 28 U.S.C. § 1103(c)(2) provides that the Committee may "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan[,]" that an appropriate notice of the relief provided for herein has been given under the circumstances, and that there is good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

    1.    The Motion is hereby granted as set forth herein.

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*ADMIN 690337359v6*

2. The Debtors will provide the Committee with immediate access to all documents Debtors' counsel reviewed and/or collected during and in connection with the internal investigation referenced in the Debtors' First Interim Report [Docket No. 118] and promptly will assist the Committee's professionals with accessing these and the other documents requested by the Committee in the Schedule A, as attached to the Motion as Exhibit B.

3. The Debtors' professionals will continue to meet and confer with the Committee's professionals and explain the methodology of the Debtors' investigation, provide the list of witnesses interviewed, and provide additional background and other information to enable the Committee to appreciate and understand the approach the Debtors took in conducting the internal investigation.

4. The Debtors will provide the Committee with all witness interview notes, recordings, or statements and any documents used during any interview and any related correspondence with each witness.

5. The Committee's professionals shall have the right to attend and participate in all future witness interviews and the Debtors will accommodate such participation by, among other things, providing the Committee with reasonable advance notice of such interviews, such notice to be no less than five (5) days unless shorter notice is consented to by the Committee. All witness interviews, including all materials provided to or received from each witness, and any supporting documents related to or in connection with notes, recordings, or statements shall be and remain confidential.

6. The Debtors will make available for interview their Chief Executive Officer, Ami Barlev, at DLA Piper's offices in New York on any one of the following dates in 2023: October 6, 13, 16, 17, or 18 or such other mutually agreeable date, time, and place or by Zoom or other

online videoconferencing service.  The Committee's professionals may request to interview any employee of the Debtors and (a) the Debtors will agree to accommodate such requests by arranging for such interviews at a mutually agreeable date, time, and place no later than five (5) business days (not including Fridays) after the request (unless otherwise agreed to by the Debtors and the Committee); or (b) the Debtors may request to meet-and-confer with the Committee with respect to that request no later than two (2) business days after the request.  All requests by the Committee's professionals must be made to Debtors' counsel and the Committee agrees that any employee to be interviewed has the right to be represented by counsel at the interview.

7. The Debtors will not withhold from the Committee any documents of the Debtors created prior to the filing of these chapter 11 cases on the grounds of attorney-client privilege or the work product doctrine.

8. The Debtors will provide the Committee full and complete access to all electronic devices collected by the Debtors' professionals in connection with the investigation or exact and complete digital copies of the data contained on such devices, all of which shall be and remain for Committee's professionals' eyes only; provided, however, that nothing in this order limits or restricts any provision of Israeli law related to the rights of employees not to turn over these devices.

9. The Debtors will consult with the Committee's professionals and will provide the Committee any draft of any supplemental investigation report at least three (3) business days before any supplemental report is filed on the docket of these chapter 11 cases.

10. The Debtors' professionals will consult with Committee's professionals and will provide the Committee with any draft complaint or other request for monetary or equitable relief in which the Debtors assert an affirmative legal claim or cause of action at least five (5) business

3

days before filing any such complaint or other request for monetary or equitable relief. This paragraph applies to the filing of any complaint or other request for monetary or equitable relief in any country or territory, including, but not limited to, the United States, Israel, and Bermuda. This paragraph does not apply to motions and papers filed in the Debtors' bankruptcy cases (other than adversary proceedings for monetary or equitable relief).

11. Notwithstanding any provision of this Order, the Debtors and their professionals shall not be required to permit access to or share information that is restricted by applicable law from disclosure to the Committee's professionals; provided that the Debtors will use reasonable best efforts to challenge any such restrictions under applicable law.

12. Nothing in this Order prevents (i) the Debtors or the Committee from deposing any witness who was interviewed in connection with investigations conducted by the Debtors or the Committee or (ii) the Committee from seeking leave of the Court to conduct further discovery or other relief.

13. This Court shall retain jurisdiction to resolve any disputes arising from or related to this Order or the Motion.

Dated: October 2nd, 2023  
Wilmington, Delaware

MARY F. WALRATH  
UNITED STATES BANKRUPTCY JUDGE

ADMIN 690337359v6