## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VESTTOO LTD., *et al.*,[1] | Case No. 23-11160 (MFW) |
| Debtors. | (Jointly Administered) |
| | Related Docket No.: 202 |

### SUPPLEMENTAL DECLARATION OF R. CRAIG MARTIN

I, R. Craig Martin, make this supplemental declaration (this "Declaration") under Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1(a) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") in support of the *Application of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Employ DLA Piper as Counsel, Effective as of the Petition Date and (II) Granting Related Relief* (the "Application").[2] The following is true to the best of my knowledge, information and belief:

1. I am an attorney at law admitted and in good standing to practice in Delaware. I am also admitted to the bars of the District of Columbia, New York, Pennsylvania, and Texas.

2. I am a partner in the law firm DLA Piper LLP (US) ("DLA Piper US", and together with DLA Piper International LLP, including its affiliated firms, "DLA Piper" or the "Firm"), located at, among other locations, 1201 North Market Street, Suite 2100, Wilmington, Delaware

---

[1] Due to the large number of debtor entities in these chapter 11 cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/vesttoo.

[2] Capitalized terms not otherwise defined in this Declaration have the meaning given to them in the Application.

19801, and am duly authorized to make this supplemental declaration on behalf of DLA Piper (this "Supplemental Declaration").  The facts set forth in this Supplemental Declaration are based upon my personal knowledge, discussions with other DLA Piper attorneys and the Firm's client/matter records that were reviewed by me or other DLA Piper attorneys acting under my supervision and direction.  If any information disclosed in this Declaration requires amendment or modification upon DLA Piper's completion of further review or as additional information becomes available, DLA Piper will submit a supplemental declaration to the Court reflecting such amended or modified information.

3. Upon receipt of reports that the Debtors were engaged in fraud prepetition, the Debtors immediately organized a Special Committee of the Board to lead the Debtors through an internal investigation into those allegations.  The Special Committee retained DLA Piper to perform the investigation and to prepare and prosecute bankruptcy cases for the Debtors.  Neither Mr. Bertele nor Mr. Lifshitz, former members of the Debtors' board and former officers of the Debtors, was involved in the selection or direction of DLA Piper as counsel in connection with the investigation or as counsel to represent the Debtors in these chapter 11 cases.

4. The commencement of proceedings in New York and Bermuda created an urgent response by the Debtors to commence these chapter 11 cases immediately to protect Debtors' assets.

5. In connection with DLA Piper's search for conflicts and connections in support of the Application, DLA Piper identified AON Insurance as an active client of DLA Piper.  DLA Piper's conflict system identifies AON as treating potential matters against AON and its affiliates as a conflict.  DLA Piper understands that the White Rock entities are affiliates of AON.

6. White Rock having been identified as an adverse party, DLA Piper sought to refer matters adverse to White Rock to conflicts counsel. Ballard Spahr was available and able to be adverse to White Rock.

7. In connection with DLA Piper's search for conflicts and connections in support of the Application, DLA Piper identified that a person named Alon Lifshitz is associated with Hanaco II L.P. This disclosure may be confusing and I seek to clarify it here. Through additional investigation, DLA Piper has been able to ascertain that the Alon Lifshitz associated with Hanaco II L.P. is not the same Alon Lifshitz, that is one of the founders of Vesttoo Ltd. In my original Declaration in support of the Application, I represented that Alon Lifshitz is not a client, but is a director or an officer of a current firm client on matters unrelated to these Debtors or chapter 11 cases. The Alon Lifshitz that is the subject of that disclosure is incorrectly identified as having a relationship with a client, Hanaco II, L.P. Other than that person named Alon Lifshitz being an equity holder in Vesttoo Ltd., DLA Piper has no other connections with the Alon Lifshitz listed on the Interested Parties list.

8. The Debtors propose to retain as an OCP the firm Kaplan Hecker & Fink LLP. That firm employs an associate attorney Andrew Chesley, who is the son of Richard Chelsey. While Kaplan & Fink LLP and Andrew Chesley are not included on the Interested Parties List, DLA Piper is disclosing out of an abundance of caution.

9. Upon additional review I am amending and restating paragraph 21 of my original Declaration:

> Starting in July, 2023, DLA Piper began to perform legal services for the Debtors. DLA Piper was retained for restructuring services on an a "advance payment retainer" (collectively, the "<u>Retainer</u>") basis, pursuant to which DLA Piper earned payments upon receipt and such payments became its, and not the Debtors', property upon receipt. Further, upon receipt DLA Piper deposited the Retainer in its general account and never held the Retainer in a client trust account.

10. The DLA Piper professionals and paraprofessionals expected to be most active in the Debtors' chapter 11 cases, and their current standard hourly rates, include:

| | |
|---|---|
| Richard Chesley (Partner), Chicago, Illinois | $1,615.00 per hour |
| Stuart Brown (Partner), Wilmington, Delaware | $1,560.00 per hour |
| R. Craig Martin (Partner), Wilmington, Delaware | $1,380.00 per hour |
| John M. Hillebrecht (Partner), New York, New York – investigation | $1,800.00 per hour |
| Jeremy Lustman (Partner), Washington, D.C. | $1,390.00 per hour |
| Caryn G. Schechtman (Partner), New York, New York – investigation | $1,730.00 per hour |
| David Riley (Associate), Los Angeles, California | $1,115.00 per hour |
| Robert Moskalewicz (Associate), Chicago | $915.00 per hour |
| Matthew Sarna (Associate), Wilmington, Delaware | $1,020.00 per hour |
| Nicole McLemore (Associate), Miami, Florida | $750.00 per hour |
| Christine LiCalzi (Associate), New York, New York – investigation | $1,050.00 per hour |
| Marc Silverman (Associate), New York, New York – investigation | $1,215.00 per hour |
| Olivia Tourgee (Associate), New York, New York – investigation | $995.00 per hour |
| Daniel Trager (Law Clerk), Wilmington, Delaware | $730.00 per hour |
| Carolyn Fox (Paralegal), Wilmington, Delaware | $380.00 per hour |
| Rachel Hamilton (Paralegal), New York, New York – investigation | $340.00 per hour |

11. Those members of DLA Piper involved in the investigation work, including those noted in the chart above, will provide such services to the Debtors with a discount of 20% on their rates listed above.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 7, 2023

/s/ R. Craig Martin
R. Craig Martin, Partner
DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801